WESTERN DIST.
*September,* 1834.

COON
*vs.*
BRASHEAR ET ALS

═══════════

## COON vs. BRASHEAR ET ALS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Prescription when once acquired, may be either tacitly or expressly renounced.

When a party once voluntarily renounces prescription in his favor, in the course of the trial in the inferior court, he cannot renew it, or avail himself of it in the Supreme Court.

The voluntary waiver of the plea of prescription, by a party in a judicial proceeding, especially when accompanied by a concession, on the part of his adversary, made in consequence thereof, is the strongest presumption of the renunciation of the right itself.

WESTERN DIST.
*September*, 1834.

COON
*vs.*
BRASHEAR
ET ALS,

Where a workman sues to recover his wages, at a stipulated hire, per month, as a brick-layer, and evidence is introduced without objection, to prove the usual wages of that class of mechanics, the jury are the judges of the *value of the work* charged as having been done, on the evidence then before them.

In a suit to recover wages, at a stipulated hire per month, by a mechanic, it is sufficient for him to prove his contract, and the length of time he was in the defendant's employment.

Where a witness swears falsely, on a material point, in a cause, the jury is authorised to disregard his testimony altogether.

The jury are the judges, whether a misstatement by a witness was wilful, or material, and what degree of credit *ought to be given to his testimony*.

The Supreme Court can judge only of the effect of the whole evidence of the case taken together, and whether the verdict of the jury is manifestly against, or without legal evidence. This is the principle uniformly adhered to, and when the verdict is not of this character, it will not be disturbed.

The exception or plea, that no amicable demand was made, must be specially pleaded, and in *limine litis.* It is too late to put in the exception after *contestatio litis.*

This is an action, for work and labor done as a mechanic, at a stipulated hire per month, in which the plaintiff claims from the defendants the sum of two thousand one hundred and twenty six dollars. He charges, that he made an agreement to work for the plaintiffs as a mechanic, at their sugar farm in Attakapas, at forty dollars per month, from the middle of February 1828, until the middle of July following; and that after that period, and up to the 7th of February, 1832, as an inducement for him to continue, the defendant raised his wages to forty-five dollars per month, until the whole amount of his wages amounted to two thousand one hundred and twenty-six dollars. He prays judgment for this sum, with legal interest from judicial demand.

The defendant pleaded a general denial ; admitted the plaintiff had been in the habit of working for him, more or less, in the period alleged, but not in the manner set forth in the petition. That at one time, he worked by the month and

WESTERN DIST.
September, 1834.

COON
vs.
BRASHEAR
ET ALS.

then by the day, as appears by a memorandum of account handed by him to the defendants, which he stated to be his whole account, up to the time when he left their employment. They annex an account for moneys and merchandise advanced, drafts and physicians' bills, paid at various times, when he was sick and unable to work, and for boarding and lodging while sick, amounting to one thousand and seventy dollars and sixty one cents, which they plead in compensation.

At the commencement of the trial, the defendants pleaded the want of an amicable demand.

After the trial had progressed, the defendants withdrew their plea of prescription, which had been previously filed, and the plaintiff withdrew his objections to the signature to a certain paper, purporting to have been signed by him.

On the trial the plaintiff offered several witnesses to prove the time he worked for the defendants, and his agreement with them. The defendants offered in evidence, several account books, receipts and accounts of plaintiff, and orders which had been paid by them; and the testimony of several witnesses to prove, that the plaintiff was frequently sick, from imprudence and other causes, and lost much time. The counsel for defendants, moved the judge to charge the jury, "that they were not the judges of what was the value of the services of the plaintiff, as a brick-layer, *per day*, but that the plaintiff was bound to prove to them, by evidence offered before them," which the judge declined, but told the jury, "they were the judges of the value of the work on the evidence before them;" to which *refusal* and *charge*, the defendants took a bill of exceptions.

The jury on examining and hearing the whole case, returned a verdict for a balance due the plaintiff of three hundred and sixty seven dollars. Judgment was rendered in conformity therewith, except as to costs, which decreed that the plaintiff pay costs up to the time of filing the defendants' answer, and that the latter, pay all subsequent costs.

The defendants appealed. In answer to the appeal the plaintiff and appellee prayed, that the judgment be corrected, so far as to condemn the defendant to pay *all* the costs.

Lewis and Brownson, for the plaintiff and appellee.

1. The want of an amicable demand, is an exception, that must be pleaded *in limine litis,* and in this case came too late. 4 *La. Reports,* 105.

2. Defendants' plea of prescription, in the Supreme Court, cannot be received, because the same plea was put in below, and afterwards *specially waived.*

Wharton, contra.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sues to recover his wages as a mechanic, in the employment of the defendants, for a period of several years, a part of the time at the rate of forty dollars per month, and a part at forty-five. The answer admits, that the plaintiff had been in the habit of working for the defendants, but not at the rates of wages stated by him; compensation, as to a part of the demand, was also pleaded, and prescription. After this answer to the merits, the defendants further pleaded, the want of an amicable demand.

During the trial, the plea of prescription was voluntarily withdrawn, by the defendants, simultaneously with certain concessions made by the other party, as to a disputed point of evidence in the cause. In this court, the appellants have renewed that plea. This is opposed by the appellee who urges that the waiver of the plea in the District Court, is

*Prescription, when once acquired, may be either tacitly or expressly renounced.*

tantamount to a renunciation of prescription, which can validly be done after it is acquired, and that the renunciation cannot be retracted.

*When a party once voluntarily renounces prescription in his favor, in the course of the trial in the inferior court, he cannot renew it, or avail himself of it, in the Supreme Court.*

The Code has established the principle, that prescription when once acquired, may be validly renounced. The renunciation is either express or tacit: "a tacit renunciation results from a fact, which gives a prescription of the relinquishment of the right acquired by prescription." *Article* 3424. As it is only by way of exception or plea, that a party can avail himself of prescription, it seems to us that the voluntary waiver of such exception in the course of a judicial pro-

WESTERN DIST.
September, 1834.

COON
vs.
BRASHEAR
ET ALS.

ceeding, more especially, when accompanied by a concession on the part of the adversary, is such a fact, as furnishes the strongest presumption of an intention to renounce the right itself. Indeed it is difficult to distinguish between, in this case, a waiver of the exception, and a renunciation of the right, or to understand how the end is to be attained, after a voluntary abandonment of the means. We are therefore of opinion, that the plea cannot be renewed, in this court, so as to avail the defendants.

A bill of exceptions was taken to the charge of the judge to the jury, which is relied on by the appellant. His counsel moved the court to instruct the jury, that they were not the judges of what was the value of the plaintiff's services, as brick-layer, per day, but that the plaintiff was bound to prove it to them, by evidence offered before them; but the judge instructed the jury that they were the judges of the value of the work, on the evidence before them. It is true, the plaintiff sued for wages, at a stipulated hire, and the question was, not what his services were really worth, but evidence had gone to the jury without exception, to prove the usual wages of that class of mechanics, and we think the judge did not err, in giving such a charge to the jury. He was clearly correct in refusing to give the charge asked by the defendants' counsel, to wit: that the plaintiff was bound to prove, the value of his services. It was enough for him to prove his contract, and the length of time he was in the defendants' employment.

On the merits, it has been urged, that the verdict of the jury was contrary to, and without legal evidence. It has been particularly insisted, that the jury was bound to disregard the testimony of one of the principal witnesses, on the ground, that he had stated what was clearly proved to be false, and the counsel relies on the rule of evidence, as stated by Starkie and other writers on that branch of the law, "*falsum in uno, falsum in omnibus.*" 1 *Starkie*, 524.

It is true, that when a witness has wilfully perjured himself, on a point material to the cause, the jury is authorised to disregard his testimony altogether. But the jury is to judge

The voluntary waiver of the plea of prescription by a party in a judicial proceeding, especially when accompanied by a concession on the part of his adversary made in consequence thereof, is the strongest presumption of the renunciation of the right itself.

Where a workman sues to recover his wages at a stipulated hire per month, as a bricklayer, and evidence is introduced without objection to prove the usual wages of that class of mechanics, the jury are the judges of the value of the work charged as having been done, on the evidence then before them.

In a suit to recover wages at a stipulated hire per month by a mechanic, it is sufficient for him to prove his contract and the length of time he was in the defendant's employment.

Where a witness swears falsely on a material point in a cause, the jury is authorised to disregard his testimony altogether.

The Supreme Court can judge only of the effect of the whole evidence of the case taken together, and whether the verdict of the jury is manifestly against or without legal evidence. This is the principle uniformly adhered to, and when the verdict is not of this character, it will not be disturbed.

The exception or plea that no amicable demand was made, must be specially pleaded and in limine litis. It is too late to put in the exception after contestatio litis.

whether the misstatement was wilful or material, and what degree of credit ought to be given to the witness. It is difficult to establish any technical rule on this subject. In the case now under consideration, it may have appeared to the jury, as it does to us, quite immaterial, whether the plaintiff put up two buildings or one, inasmuch as his demand was for services by the month, and not for the price of a particular job. It could not be supposed that the witness would wilfully perjure himself on a point of fact, which was wholly irrelevant to the issue, and could not avail the plaintiff. This court cannot control juries, as to the credit due to the statements of particular witnesses; we can judge only, of the effect of the whole evidence taken together, and whether verdicts rendered by them, are manifestly against, or without legal evidence. This is the principle to which we uniformly adhere, and which, in this case, does not authorise us to disturb the verdict of the jury.

The appellee in his answer, alleges that there is error in the judgment to his prejudice, which he prays may be corrected. It appears that after the answer to the merits, and on the eve of the trial, the defendants pleaded the want of amicable demand, and such demand not having been proved, the plaintiff was adjudged to the payment of costs, up to the time the answer was filed. We think the court erred in this particular. This court has already decided, that such exception should be specially pleaded, and in *limine litis*. It was too late to put in the exception after the *contestatio litis*. 1 *La. Reports*, 105.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the plaintiff and appellee recover of the defendants, the sum of three hundred and sixty-seven dollars, with costs in both courts.