No. 10,775.

SUCCESSION OF HARRY HARVEY AND MRS. MARY HARVEY VS. WILLIAM HARVEY ET AL.

1. In case an appellant procures *certiorari* and brings up documents in the original which are missing from the transcript, and, also, a supplemental transcript, during the pending of appellee's motion to dismiss, and under a reservation by the court, the motion will be denied, inasmuch as such records satisfy all of the appellee's reasonable requirements.

2. Where the objection taken is, that a transcript of appeal improperly includes two different and distinct records, incompatible with each other, it will not be entertained, the transcript disclosing the cumulation of the two causes in the District Court by consent.

Notwithstanding the action of an emancipated minor against his tutor, respecting acts of tutorship, is prescribed by four years, to begin from the date of his majority, yet if the tutor take the initiative and file an account of his acts of tutorship, to which his former ward makes opposition, the plea can not be made available to the tutor. In such case, the accountant's act in submitting his gestion to judicial investigation and judgment is tantamount to an abandonment of the benefit of the bar of the statute.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

### *B. R. Forman* for Appellant:

1. When one who was a tutor voluntarily files an account of his gestion and cites his former ward to show cause why it should not be approved and homologated, waives the four years' prescription of Article 362, C. C., and is estopped by his judicial admission and prayer from pleading prescription when defendant appears and opposes the account. He can not summon defendant to court and then shut the door in his face.

2. Equality is the fundamental basis of a partition. The whole estate must be partitioned at one time, mutual accounts settled, and the heir or widow in community who has received rents and revenues, or part of the estate, must account for the same in the partition.

### *Gibson & Hall, contra:*

A minor's action against a tutor, for acts of tutorship, is prescribed by four years after the date of majority. C. C. 362 (356).

An heir can plead the prescription of four years to a co-heir's opposition, claiming against a tutor for acts of tutorship, not asserted until more than four years after a co-heir's majority. C. C. 362, (356); 37 An. 900, Giddon's Executor's vs. Mobley; 37 An. 221, Cochran vs. Violett; 37 An. 805, Bedell vs. Calder; 31 An. 723, Suc. of Romero; 30 An. 468, Gallien vs. Reagan.

A tutrix, filing for account, can plead the prescription of four years to an action of heirs for acts of tutorship against her. C. C. 362 (356).

An heir that does not claim for acts of tutorship after attaining majority, but continues to live with the family under the management of the surviving parent for many years after the plea of prescription of four years could have been successfully pleaded, consenting to all that was done, with which acts the heir was perfectly familiar, and also consenting to the sale of real estate belonging to the ancestor's estate, to pay the debts for delinquent taxes and family support, ratifies, acquiesces in and endorses, expressly and implicitly, the acts of the parent who retains the management of the estate until the heirs are all of age, and the children of such heir are estopped from contesting such acts of management. 30 An. 1138, Suc. of Bauman; 31 An. 100, Factors and Traders Ins. Co. vs. DeBlanc; 33 An. 1236, Suc. of James Hoss; 35 An. 1161, Lafitte, Dufilho & Co. vs. Godchaux; 36 An. 661, Allison vs. Watson.

6

### ON MOTION TO DISMISS.

WATKINS, J. The grounds assigned are, (1) that the transcript is insufficient and incomplete, not containing many of the most important documents filed in and used by the lower court on the trial, and which are essential to a trial of the case in this court on appeal; (2) that the transcript contains two different and antagonistic cases, which should have been brought up separately.

Since the filing of the motion to dismiss appeal, under a special reserve by this court, counsel for appellant procured *certiorari*, and thereunder has brought up a supplemental transcript, said to contain the missing documents. He has also brought up in the original a large bundle of papers from the files of the Civil District Court, as an additional supplement to the transcript.

As the case is undisposed of, and the production of these copies and originals appears to satisfy all the reasonable requirements of the appellee's motion this ground may be dismissed without further consideration.

On the other branch of the motion it will suffice to state that the two cases—respectively entitled in the Civil District Court, " Succession of Harry Harvey, No. 19,508," and " Mary Harvey vs. Harry Harvey, Wm. Harvey et als, No. 20,017 "—which are included in one transcript, are germane to each other, and form essential parts of identically the same litigation.

The original suit was for a partition of the succession of Harry Harvey, between the surviving widow and heirs of deceased.

The other proceeding is merely a demand, by the tutor of certain of the grandchildren, upon the grandmother, for an accounting and settlement of the proceeds of property sold, rents and revenues collected, and of her disposition of certain movables, left in her possession, the aggregate value of which is placed at some $43,000.

It appears that the succession of Harvey, No. 19,508, was allotted to Division " E," and the partition suit was improperly allotted to Division " C," and by consent of parties the latter was transferred to Division "E," and thereafter all proceedings were conducted before division " E " under double titles and numbers, as one case, and without objection.

On this state of facts we are of opinion that the transcript was correctly made and brought up, and would have been defective otherwise. Vascocu vs. Woodward, 35 An. 555.

Motion denied.

## On the Merits.

Harry Harvey died in April of 1872, leaving Mary Harvey, his widow, surviving, and seven children, only one of whom, Josephine, was of full age, and who subsequently married William F. Blakemore. Deceased left a will, in which he bequeathed in favor of his widow and seven children all of his property, share and share alike. In the will no designation of an executor was made, and there was no dative testamentary executor appointed. The widow qualified as natural tutrix, and as such administered the succession of the deceased, after having caused the last will of her husband to be probated. No account of her gestion was filed until June 1, 1887, at which time her youngest child, Harry, became of full age. That was a *final* account, or purported to be; and on the 10th of June, 1889, she filed a supplemental account.

Mrs. Harvey's daughter, Alice, married J. J. Culligan on June 15, 1881, and died in 1885, leaving her husband and two minor children surviving. She came of full age on the 10th of January, 1875, five years before her marriage, and two years after her father's death.

Representing his two surviving children—grandchildren of Mary and Harry Harvey—Culligan, tutor, opposed the *first* account, on various grounds—all of the other heirs having consented to their mother's management, administration and account.

During all of those years Alice Harvey resided in and made the family domicil her home, until a year had elapsed after her marriage.

She, apparently, acquiesced in all that her mother had done, and was furnished from the revenues and resources of the *common* property the means of support and livelihood. In 1879, nearly four years after she became of full age, she voluntarily joined the other children and her mother in an act of sale of a *piece* of the common property, in order to raise money wherewith to pay taxes and debts incurred in the support of the family—herself amongst the number.

To the opposition of Culligan, tutor, to the original account, a plea of four years' prescription was filed *by Mrs. Mary Harvey, accountant*, and Harry Harvey. There was judgment sustaining this plea of prescription, and the supplemental account, not having been opposed, was duly homologated, as of course.

Widow Mary Harvey brought a suit for a partition of the common property, on the 28th of January, 1887, to which all of the children

·consented—the tutor, Culligan, alone making opposition. This suit was subsequently transferred to the *mortuaria*. There was a judgment awarding a partition, and Cullingan, tutor, made opposition to its homologation; but it was unavailing. The property was sold for the purpose of effecting a partition, and the proceeds of sale were deposited in bank, to await the issue. Those are the two judgments from which Culligan, tutor, has appealed.

In regard to the prescription of four years, the claim of the exceptants is, that Alice Harvey, survived her father's death in 1872, became of full age on the 10th of January, 1875, was married the 15th of June, 1881, and died on the 10th of September, 1883; hence, the two children born of that marriage inherited her succession as beneficiary heirs, and succeeded to her rights, just in the same situation they were in, at her death—they participating in their grandfather's succession by representation. R. C. C. 894, *et seq.*

The plea is urged against the opposition of Culligan, tutor, as the legal representative of Alice Harvey, his deceased wife, treating her as an emancipated minor, of whom his minor children were only representatives. The article of the code relied upon as sustaining the plea is couched in the following words, to-wit:

" The action of the minor against his tutor respecting the acts of his tutorship is prescribed by four years, to begin from the date of his majority." R. C. C. 362.

While an opposition to an account is not an *action*, but an *answer*, yet, as the plea of the accountant has treated it as such, for the purposes of argument we may so consider it. Essentially, the account and opposition, considered together, constitute an *action* " respecting the *acts* of the tutorship." This action was instituted long since the expiration of the four years' limit, counting from the date of the majority of Alice Harvey, mother of opponents. It was during the progress of the trial of the account that Mrs. Harvey tendered the plea of four years' prescription.

The contention of the opponents is, that while the tutrix of an emancipated minor can not be *compelled* to render an account "respecting the acts of her tutorship " after the lapse of " four years to begin from the date of her majority, " yet, if such tutrix does file an account in which she deals with the acts of her tutorship, and it is opposed by the ward, she is judicially estopped, at this stage of the proceedings, from availing herself of this prescription.

The learned judge of the lower court maintained the plea, but we can not concur in his ruling. As there appears to be no case in which this question has been adjudicated, he evidently treated it as *res nova*,. as we shall be necessitated to do. To sustain the plea of the accountant, under existing circumstances, would, in our opinion, be equivalent to allowing her to first inaugurate a judicial proceeding, and finding it opposed, to *defeat any investigation*, by use of the bar of prescription. This she, evidently, can not be permitted to do.

The doctrine *quæ temporalia*, which permits one to use as a *shield* that which he cannot use as a *sword*, would in this manner be reversed, so as to allow an accountant to use as a *sword* that which she can not use as a *shield*.

If, however, the plea should be maintained, it would only cut off inquiry in respect to the acts of Mrs. Harvey, as *tutrix*, between the year 1872, when Mr. Harvey died, and 1875, when Alice became of age; because, since then, Mrs. Harvey has possessed and administered the common property, for which she must account in the partition suit. By remanding the case the whole matter can be tried and decided together.

It is, therefore, ordered and decreed that both judgments appealed from be annulled and reversed, that the plea of four years' prescription be overruled and the whole litigation remanded for further and final disposition and decree; the cost of appeal to be taxed against the succession, and other costs to await the final termination of the litigation.

Rehearing refused.