LANDRY, Judge.
Plaintiff appeals the judgment of the trial court sustaining defendants’ exceptions of prescription and dismissing plaintiff’s action against defendants for alleged slander. We affirm.
On May 16, 1969, appellant filed suit against defendants, Breaux and Evans, in Tangipahoa Parish, for a slander which avowedly occurred May 18, 1968, in Terre-bonne Parish. Breaux’s domicile is Terre-bonne Parish. Evans is a domiciliary of' Lafourche Parish. Plaintiff, Foster, is domiciled in Tangipahoa Parish. Service of process was made on Breaux on May 21, 1969. Evans was served May 23, 1969. A preliminary default was duly taken and entered as to defendant Breaux on June 6, 1969. Exceptions of improper venue were filed on behalf of both defendants on June 10, 1969. A preliminary default was subsequently entered against defendant Evans on July 2, 1969. Thereafter, on July 15, *570 exceptions of one year’s prescription were filed by defendants. The trial court sustained defendants’ exception of improper venue and dismissed plaintiff’s action as to both defendants on September 26, 1969. Plaintiff appealed the dismissal of his action for improper venue. In Foster v. Breaux, 238 So.2d 803, we affirmed the lower court judgment sustaining the exception of improper venue filed by Evans, but reversed the trial court decree insofar as it sustained Breaux’s exception of improper venue. In so holding, we found that defendant Breaux waived his right to except to the venue of the action by failing to plead such objection prior to entry of a preliminary default against him. For these reasons, we remanded this matter to the' lower court for trial of Breaux’s exception of prescription. On February 8, 1971, judgment was rendered below sustaining defendants’ exceptions of prescription, and dismissing plaintiff’s action as to both defendants.
Appellant maintains the lower court erred in holding that the venue was improper as to Breaux, and therefore the mere filing of suit did not interrupt prescription as to said defendant. Appellant also argues that the trial court erred in not holding that prescription was also interrupted as to Evans pursuant to the rule that interruption of prescription as to one of two debtors in solido interrupts prescription as to both.
Interruption of prescription by the filing of suit and/or service of process upon a defendant or defendants is governed and controlled by LSA-R.S. 9:5801, which reads as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in a proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, Sec. 1.”
The thrust of appellant’s argument is that when this court formerly held that defendant Breaux’s exception of improper venue was untimely filed, and said objection therefore waived, in effect, we held venue was proper as to Breaux. Appellant also argues that this holding is res judica-ta, and binding on the parties as well as this court. Based on this premise, appellant contends that since venue was proper as to Breaux, mere institution of suit interrupted prescription as to both Breaux and his solidary co-debtor, Evans. We find this position to be without merit.
In Foster v. Breaux, above, we expressly rejected appellant’s contention that Tangi-pahoa Parish was a court of proper venue pursuant to LSA-C.C.P. art. 74, which provides that in an action for damages, venue is vested in the courts of the place where the damage is sustained. We also held in Foster v. Breaux, above, that Tangipahoa Parish was not a proper venue for plaintiff’s action because neither defendant was domiciled in said Parish, and the alleged defamation occurred elsewhere.
Our prior decree in this instance did not ordain venue in the courts of Tan-gipahoa Parish. We merely held that by not timely objecting to venue, defendant Breaux was thereafter precluded from challenging an improper venue. That is not the same as holding that Breaux’s failure to timely except to the venue converted improper venue into proper venue retroactive to the time of filing suit. We hold that by failing to timely object to an improper venue, the party affected does nothing more than submit to trial in a court of improper venue.
The exact issue herein presented was decided adversely to appellant’s contention by our brothers of the Third Circuit in Mayeux v. Martin, 247 So.2d 198. In Mayeux, above, suit was filed within a year of an *571 alleged tort but in a court of improper venue, and service upon defendant was not made until after the year expired. Defendant, relying on LSA-R.S. 9 ¡5801, filed an exception of prescription contending that prescription was not interrupted by the mere filing of a suit in a court of improper venue. In essence, defendant in Mayeux, above, contended that where suit is instituted in a court of improper venue, the operative factor as regards interruption of prescription is service of process. Plaintiff countered with the argument that defendant waived the question of venue by filing an exception of prescription. The court in Mayeux, above, held that assuming the filing of an exception of prescription constituted a waiver of all legitimate objection to venue, such waiver did not have the effect of rendering an improper venue a proper venue. In this respect, the court in Mayeux, above, noted:
“It is unnecessary for us to determine whether the filing of the exception of prescription in the instant suit constituted a waiver of defendants’ objections to venue, because we think the result would be the same in any event. Assuming that the filing of the exception did constitute such a waiver, as contended by plaintiffs, we believe the effect of that waiver was simply to bar defendants from asserting such an objection later. It did not have the effect of making the Rapides Parish court a court of proper venue. * * * It did not change the circumstance that .the action had prescribed before any such waiver took place.”
We are in total accord with both the reasoning and result reached in May-eux, above. We also hold that where suit is instituted in a court of improper venue, the operative factor as regards interruption of prescription pursuant to LSA-C.C.P. art. 74 is service of process, not the filing of suit.
Our former decree dismissing appellant’s action as to Evans upon Evans’ exception of improper venue has become final. It dismissed plaintiff’s suit in its entirety as to Evans. Writs were not applied for by appellant to the Supreme Court for a review of our decree dismissing appellant’s suit as to Evans. The judgment in this respect is res judicata. On the trial on remand, Evans was not before the trial court.
Assuming we erroneously concluded that Evans was no longer a party on trial of the pleas of prescription, it is unnecessary that we consider appellant’s contention that since prescription was interrupted as to Breaux, it was also interrupted as to his alleged solidarily liable tort-feasor, Evans. Considering we find that prescription was not interrupted as to Breaux, it could not be interrupted as regards Evans.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.