270 So.2d 526

**William B. FOSTER, Plaintiff-Appellant,**

**v.**

**Rivers BREAUX et al., Defendants-Appellees.**

**No. 51948.**

Dec. 11, 1972.

---

E. Howard McCaleb, III, New Orleans, for plaintiff-appellant.

Macy & Kemp, Duncan S. Kemp, III, Hammond, for defendant-appellee.

TATE, Justice.

The plaintiff Foster's suit was dismissed upon peremptory exception pleading prescription. La.C.Civ.P. Art. 927(1). The dismissal was affirmed by the intermediate court. 253 So.2d 569 (La.App. 1st Cir. 1971). We granted certiorari to review this holding. 260 La. 278, 255 So.2d 768 (1972). See also earlier appeal, 238 So.2d 803 (La.App. 1st Cir. 1970).

■ Foster sues for damages caused by an alleged slander. Such an action for injurious words prescribes in one year. La. Civ.Code Art. 3536. Prescription is interrupted by mere *filing* of suit in a court of competent jurisdiction[1] within the prescriptive period, but only by the *service* of citation if filed in an incompetent court, including one of improper venue. La.R.S. 9:5801 (1960)[2].

The issue here is: When a suit is filed in a court of improper venue within the prescriptive period, but service is made after it, may the defendant urge it is prescribed for this reason, if such defendant has previously waived his right to object to the venue as improper?

The alleged slander occurred on May 18, 1968, when the defendants Breaux and Evans made certain statements about the plaintiff in Plaquemines Parish. The plaintiff filed suit on May 16, 1969 (i. e., two days *before* prescription accrued) in Tangipahoa Parish. Breaux was served at his domicile in Terrebonne Parish on May 22, 1969 (i. e., three days *after* the prescriptive year), and Evans at his domicile in LaFourche Parish on May 23, 1969 (i. e., four days *after* the prescriptive year).

■ At the time of filing, Tangipahoa Parish was an improper venue for this suit, since both of the defendants were domiciled in other parishes, La.C.Civ.P. Art. 42, and since likewise the wrongful conduct occurred elsewhere, La.C.Civ.P. Art. 74. This was expressly held in the

1. La.C.Civ.P. Art. 5251(4): " 'Competent court', or 'court of competent jurisdiction', means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding."

2. La.R.S. 9:5801: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendants served by the service of process." (As amended Acts 1960, No. 31, § 1).

Under La.C.Civ.P. Art 421, a civil action: "is commenced by the *filing* of a pleading presenting the demand to a court of competent jurisdiction." (Italics ours.)

earlier appeal in this proceeding, 238 So.2d 803 (La.App. 1st Cir. 1970), which remanded the case.

■ However, this earlier appeal correctly held that, insofar as Breaux, the declinatory exception pleading·improper venue was waived, since it was not filed prior to preliminary default, as required by La. C.Civ.P. Art. 928. The exception of improper venue was therefore overruled as to him, and the case remanded. 238 So. 2d 803, 806[3].

·The defendant contends that, under the plain' terms of the statute, prescription was not interrupted, since at the time of its filing and of the service of citation the suit was in' a court of incompetent jurisdiction because not the proper venue. (La.R.S. 9:5801, quoted in full in Footnote 2, provides: " * * * When the pleading presenting the· judicial demand is filed in an ·incompetent court, or in an improper venue, prescription is·interrupted as to the defendant served by the service of process.") On the other hand, the plaintiff contends that this suit was filed within a court of competent jurisdiction (at least as to the defendant Breaux), because the venue *is* proper, due to the defendant Breaux's waiver of his right to object to it, and the Tangipahoa Parish court is thus compe-

tent to rule upon the merits of the demand against him.

■ The issue is not free from doubt. However, considering that at the time Breaux filed his plea of prescription the venue was proper as to him (due to this waiver of the right to claim it was improper), we have determined that, for purposes of ruling upon prescription, this suit was timely, since commenced (filed) in a court of competent jurisdiction at the time such plea was filed.

We reach this conclusion for the following reasons:

■ (1) Under Louisiana jurisprudence, prescriptive statutes are strictly construed, and of two .permissible constructions that is adopted which favors maintaining rather than barring the action. United Carbon. Co. v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956); Mansur v. Abraham, 183 La. 633, 164 So. 421 (1935). Cf. also State v. Stewart Bros. Cotton, 193 La. 16, 190 So. 317 (1939) (prescription is stricti juris).

■ ■ (2) The liberative prescription here pleaded may be renounced, either expressly or tacitly. La.Civil Code Arts.

---

3. The intermediate court affirmed the trial judgment holding venue improper as to Evans, since he excepted to the venue prior to default, but it nevertheless re-manded to permit trial of the plea of prescription as to both defendants. 238 So. 2d 803, 806.

3460, 3461.[4] Thus, when a party withdraws a plea of prescription in the trial court, he thereby renounces the prescription originally pleaded and, having thus abandoned it, may not thereafter re-urge it. Marionneaux v. Brugier, 1 McGloins Reports 257 (1881). Cf. also Succession of Harvey v. Harvey, 44 La.Ann. 80, 10 So. 410 (1892); Coon v. Brashear, 7 La. 265 (1834). Similarly, it seems to us, where a party tacitly renounces the right to plead a circumstance (improper venue) which might validate a plea of prescription, he may not be permitted to re-urge the circumstance thus renounced in order to validate his prescription plea.

■ (3) Under La.C.Civ.P. Art. 421, a civil action "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." Even if the court is one of improper venue, the court is not incompetent to try the case for that reason if the objection to venue is waived. La.C.Civ.P. Arts. 925, 928. Thus, for purposes of the Code, the decision whether the court is one "of competent jurisdiction" is determined not by the situation at the time of filing the suit but instead by the situation at the time the competency of the court is questioned.

■ We therefore construe the provision of La.R.S. 9:5801, which provides that prescriptions are interrupted by the commencement (filing) of a civil action in a court of competent jurisdiction, to mean that the filing of the suit interrupts prescription if, at the time the exception pleading prescription is filed, the court is of competent jurisdiction. In the present case, therefore, since venue was proper as to Breaux at the time he filed his plea of prescription, the filing of the action in (thus) a court of competent jurisdiction therefore interrupted prescription as to him.

We should note that, where a party files a plea of prescription at a time when the venue is improper, he does not waive his right to plead that the suit is prescribed because of improper venue. Mayeux v. Martin, 247 So.2d 198 (La.App.3d Cir. 1971).

■ Further, although ordinarily declinatory objections are waived by making an "appearance", La.C.Civ.P. Art. 925, nevertheless "the pleading of other objections . . . ., the filing of the peremptory exception or an answer therewith *when required by law,* does not constitute a general

---

4. La.Civ.Code Art. 3460: "One can not renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired."

La.Civ.Code Art. 3461: "Such renunciation of prescription is either express or tacit.

"A tacit renunciation results from a fact which gives a presumption of the relinquishment of the right acquired by prescription."

appearance." La.C.Civ.P. Art. 7. (Italics ours.) Thus, when a defendant pleads prescription because of filing in an improper venue, he also does not waive the right to question the improper venue if he files his plea of prescription on that ground simultaneously with his declinatory attack on the venue. He is "required by law" to do so, cf. State v. Younger, 206 La. 1037, 20 So.2d 305 (1944), since otherwise he would waive his right to question the venue. (If he files the peremptory exception pleading urging prescription *subsequently* to filing the declinatory exception objecting to the venue, he thus makes a general appearance waiving declinatory objections. La.C.Civ. P. Arts. 7, 925.)

■ As to the co-defendant Evans, he excepted to the venue as improper before the default was entered and prayed that the suit against him be dismissed. The trial court entered judgment maintaining this exception and assessing costs against the plaintiff. Upon the plaintiff's earlier appeal, the intermediate court affirmed the trial court judgment holding Tangipahoa an improper venue as to Evans. 238 So.2d 803, 806. However, it likewise remanded the suit to permit Evans to try his plea of prescription in the lower court (see Footnote 2). Nevertheless, since the intermedi-

ate court had affirmed the trial court judgment holding that Tangipahoa Parish was an improper venue and thus dismissing the suit against Evans filed in that parish, the effect of the affirmed judgment was to dismiss the suit against Evans in that parish. That court was no longer competent to try a plea of prescription against the demand against Evans as filed in Tangipahoa Parish.[5] Cf., Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966).

We therefore set aside the trial court judgment sustaining Evans' plea of prescription as improvidently entered. To prevent misunderstanding on the remand, we expressly do not rule upon such issues as whether, by supplemental pleading, La. C.Civ.P. Art. 1155, the plaintiff may join Evans in the Tangipahoa Parish suit as solidarily obligated with Breaux, La.C. Civ.P. Art. 74, nor whether the timely filed suit against Breaux had the effect of interrupting prescription against Evans, if he is a solidary obligor, La.Civ.Code Art. 2095.

### Decree

For the foregoing reasons, we reverse the judgments of the trial and intermediate courts maintaining the defendants' pleas of prescription, and we remand this suit to

5. For instance, if we reverse the present ruling sustaining Evans' plea of prescription and remanded the trial of the demand against Evans to the Tangipahoa Parish court, the proceeding there would be subject to the objection that it had been finally adjudged such court was an improper venue for the trial of the demand.

the trial court for further proceedings consistent with the views here expressed.

Reversed and remanded.

McCALEB, C. J., recused.

BARHAM, J., dissents with reasons.

BARHAM, Justice (dissenting).

R.S. 9:5801 reads: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action *in a court of competent jurisdiction and in the proper venue*. When the pleading presenting the judicial demand *is filed in an incompetent court, or in an improper venue*, prescription is interrupted as to the defendants served by the service of process." (Emphasis here and elsewhere supplied.) Under Code of Civil Procedure Article 421 a civil action "is commenced by the *filing* of a pleading presenting the demand to a court *of competent jurisdiction*". Code of Civil Procedure Article 5251(4) reads: " 'Competent court' or 'court of competent jurisdiction', means a court which has jurisdiction over the subject matter of, and *is the proper venue* for, the action or proceeding." Since that proceeding had not been filed in a court of proper venue when this defendant was served with the pleadings, that court was not a competent court or a court of competent jurisdiction.

Since more than one year had elapsed before service of citation, the action had prescribed on the date of receipt of service.

The effect of the holding of the majority is that the defendant is forced to first submit a declinatory exception which does not dispose of the case when his peremptory exception would cause dismissal of the suit. The peremptory exception of prescription could have been successfully pleaded by defendant, but part of the time necessary to compute the prescriptive period was the lapse from the filing of this suit in a court of competent jurisdiction to service on the defendant. So the exception of prescription is based in part upon the declinatory exception of improper venue. The majority has held that the defendant must first plead this declinatory exception or waive it even though that waiver would eliminate the right to plead the peremptory exception. Such a result is certainly harsh when the defendant has made a valid absolute defense. Even if defendant had filed both exceptions together, the ruling on the lesser declinatory exception, which would have had to be considered first, would have barred any consideration of the peremptory exception by that court. After ruling that it was a court without competency in the matter, that court could not then consider any other issues of the case. Extending the life of the cause of action would give no advantage to the plaintiff. The filing or transfer of the case to the

proper court would still allow defendant to plead the exception of prescription, but only with the penalty of incurring additional costs of defense.

While I can understand the majority's desire for strict construction of the law of prescription, the overall effect of the rule fashioned here will in its extension work hardships far in excess of the value which the majority believes will flow from this attempt to preserve the right to maintain an action against a plea of prescription. The better rule would be one which preserves to a litigant the right to choose the procedural vehicle that will finally dispose of the matter without requiring him to exhaust dilatory tactics. This rule is sound in law and logic, reasonable in application, and easily understood and applied.

I believe that reason as well as the express language of the Code articles and the statute, quoted above, dictates that defendant's peremptory exception of prescription should be maintained.

I respectfully dissent.