SAVOY, Judge.
This is an action in tort filed by plaintiffs. Defendant filed a peremptory exception of prescription of one year under the provisions of L.S.A.-C.C. Article 3536. After a trial on the exception, it was maintained by the district judge and plaintiff’s suit was dismissed. Plaintiffs appealed.
Suit was initially filed .on December 3, 1970 by plaintiffs in the present case, in the Fourteenth Judicial District Court for the Parish of Calcasieu, against four defendants : Continental Bus System, Inc., Continental Trailways, Inc., Continental Trailways Southern Lines, and Continental Southern Lines. (Defendant in the present suit was not named). The suit was for bodily injuries sustained by plaintiff, Dorothy Conner, as a result of an accident on defendant’s bus which occurred on December 5, 1969. Service of process was not made on any of the named defendants until after December 5, 1970. Declinatory exceptions of improper venue and insufficiency of service were filed. Testimony was heard on these exceptions and judgment was entered by the trial judge sustaining them. Thereafter, the present suit was filed on May 19, 1972, by the same plaintiffs in the Ninth Judicial District Court for the Parish of Rapides, against the present defendant. As stated hereinabove, the exception in the present case was maintained.
Interruption of prescription by the filing' of suit and/or service of process upon a defendant or defendants is governed and controlled by L.S.A.-R.S. 9:5801, which reads as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupt *138 ed as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
This court has applied the foregoing statute in Mayeux v. Martin, 247 So.2d 198. In Mayeux, suit was filed within a year of an alleged tort, but in a court of improper venue, and service upon the defendant was not made until after the year expired. An exception of prescription was filed by defendant on the basis of LSA-R.S. 9:5801. The court stated:
“Under the provisions of LSA-R.S. 9:-5801, the running of prescription is interrupted by the mere filing of a civil action, if that action is filed in a court of competent jurisdiction and in the proper venue. When the suit is filed in a court of improper venue, however, the running of prescription is not interrupted as to any defendants until that defendant has been served with process.”
In Foster v. Breaux, 236 La. 1112, 270 So.2d 526, this court stated:
“Prescription is interrupted by mere filing of suit in a court of competent jurisdiction within the prescriptive period, but only by the service of citation if filed in an incompetent court, including one of improper venue.”
See also Foster v. Breaux, 253 So.2d 569, (La.App. 1 Cir. 1971). Our brothers of the Fourth Circuit Court of Appeal also discussed this article in McGowan v. Gomez, 254 So.2d 307, (La.App. 4 Cir. 1971) and said:
“It is therefore obvious that when a suit is filed in a court of improper venue or in a court which has no jurisdiction, prescription is not interrupted until the defendant has been served.”
The record reveals that suit was originally filed in a court of improper venue, i. e. Calcasieu Parish, Louisiana. The defendants (which did not include Continental Southern Lines, Inc.) were not served within the one year peremptive period. Exceptions of improper venue and insufficiency of service of process were sustained. No appeal was taken from that judgment. Since plaintiffs filed suit in an improper venue and failed to serve the correct defendant within the peremptive period, prescription was not interrupted.
The Ninth Judicial District Court was a court of proper venue and jurisdiction for the present suit. However, the exception of prescription must be sustained because the suit was not filed nor was service made within the one year prescriptive period provided in LSA-C.C. Article 3536.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.