327 So.2d 485 (1976)
Mrs. Joyce Perez GELPI
v.
BEN DEVELOPMENT COMPANY, INC., in Liquidation through Anthony J. Vesich, Jr., Liquidator, et al.
No. 7511.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1976.
*486 Clarence F. Favret, Jr., New Orleans, for relator.
W. Eric Lundin, III, New Orleans, for respondents.
Before SAMUEL, REDMANN, GULOTTA, MORIAL and BEER, JJ.
MORIAL, Judge.
This is an application to prohibit the Twenty-Fifth Judicial District Court from proceeding further with the hearing of this cause on the ground that it lacks venue. See LSA-C.C.P. Articles 41, 42 and 73. We granted certiorari to review the decision of the district court and stayed all proceedings pending our further orders.
Relator, Richard J. Burke, together with the brothers, Thomas P. Eustis and Geoffrey E. Eustis, endorsers and continuing guarantors of a promissory note of Ben Development Company, Inc., were sued in solido for payment of the note in the Parish of Plaquemines, Louisiana.
Plaintiff, Mrs. Joyce Perez Gelpi, alleges in her petition that defendant Burke is a resident of and domiciled in the Parish of Orleans and that the Eustis brothers are residents of and domiciled in the Parish of Plaquemines.
Defendant Burke excepted to the venue, and prayed for dismissal of the suit for the reason that neither Eustis is domiciled in the Parish of Plaquemines. LSA-C.C.P. Article 73. The district court held that the Eustises were domiciliaries of the Parish of Plaquemines and dismissed Burke's exception. We reverse.
It is with great reluctance that we differ from the judges of the first instance on questions of fact; but a question of domicile is not a mere question of fact. See LSA-R.C.C. Article 38. While we agree with our learned brother below that the facts show a residence for each Eustis in Plaquemines Parish, at the same time, we differ from him on the legal inferences he draws from those facts that the residences of the Eustises in Plaquemines Parish were their domiciles.
Documentary evidence in the record indicates that at various times each gave a mailing address or declared that he was a resident of and/or domiciled in the Parish of Plaquemines: a marriage contract between Geoffrey Edward Eustis and Dianne R. Preston executed on June 5, 1974 (resident); notarial declaration in which Thomas P. and Geoffrey E. Eustis intervened (resident); petition for emancipation of Geoffrey Edward Eustis (domiciled); sale by Ben Development Co., Inc. to Geoffrey Edward Eustis (resident and domiciled);[1] sale by Walker Land Company, Inc., to Geoffrey E. Eustis dated February *487 16, 1973 (resident); motor vehicle registration of Geoffrey E. Eustis dated June 26, 1972; motor vehicle registration of Thomas P. Eustis dated December 12, 1973; vehicle registration renewals for various vehicles; 1975 Louisiana Operator's License of each Eustis. However, we note that in the articles of incorporation of Ben Development Company, Inc., which issued its promissory note on which Thomas P. and Geoffrey E. Eustis are endorsers and guarantors, each declared his address to be in New Orleans.
Geoffrey E. and Thomas P. Eustis were both born in New Orleans, Louisiana where they lived with their parents at various addresses. Except for absences from New Orleans during the academic year while attending college, they have each maintained several residences in New Orleans.
Geoffrey was married in New Orleans on June 29, 1974 and presently lives there with his wife in an apartment building he acquired in 1974. After his marriage in Mississippi in 1968, Thomas moved to New Orleans. He lived in East Baton Rouge and Jefferson Parishes for a while. He then returned to New Orleans where he lived with his wife from whom he is now separated. He presently lives at 4418 Carondelet Street in New Orleans.
Geoffrey and Thomas both own property in New Orleans and are members of the New Orleans Country Club. They do their banking business at various New Orleans banks. Each keeps the majority of his clothes and personal articles at his New Orleans residence. They each spend from four to six days and nights a month in a house to which they have unlimited access located on a ranch (which was owned by their deceased grandfather) in Plaquemines Parish. Each is a registered voter in Plaquemines Parish and has voted there for a relative who was a candidate for office. Each receives mail in New Orleans and in Plaquemines. They both consider their permanent home to be the ranch in Plaquemines Parish, where their grandfather and father are buried and where each has a burial plot reserved for him.
Thomas P. Eustis and Geoffrey both stated under oath that they considered themselves domiciled in the Parish of Plaquemines. Words may be evidence of a man's intention to establish his domicile at a particular place of residence. However, they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by the entire course of conduct, are the controlling factors in ascertaining a person's domicile, which the law commands * * * "is in the parish where he has his principal establishment." LSA-R.C.C. Art. 38; See Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955).
The many documents in which the Eustis brothers represented themselves to be residents of the Parish of Plaquemines coupled with their casual residence there, regardless of their motive, are contrary to their acts and conduct to which they testified and, are insufficient to base the legal conclusion that they are, or were ever, domiciliaries of the Parish of Plaquemines. These declarations of the Eustises lose their weight when considered with their conduct at the same epoch and prior thereto. This conduct speaks much louder than the mere words of their intent when it comes to a determination of their domicile.
The fact that they exercised their voting rights in the Parish of Plaquemines is insufficient to establish domicile there. The place where a person exercises his political rights, which are based upon a requirement of residency (LSA-R.S. 18:31), is not his domicile, if that person has a dwelling house elsewhere which he habitually occupies and therein maintains his domestic establishment and conducts the bulk of his business activities.
The first domicile of Thomas and Geoffrey was the place of their nativity *488 New Orleans, the domicile of their parents; it is by their testimonies their habitual place of residence since birth. The habits of their lives, as well as their domestic establishments, are in New Orleans and have never been in the Parish of Plaquemines. See LSA-R.C.C. Article 39; Succession of Franklin, 7 La.Ann. 395 (1852); Hill v. Spangenberg, 4 La.Ann. 553 (1849). The business transaction which gives rise to this litigation as well as their banking business is transacted almost exclusively at various New Orleans banks. It is inescapable from the record before us that the domicile of the Eustises is in the Parish of Orleans. They must overcome the presumption that it has not been changed by positive and satisfactory proof of the establishment of their domicile in the Parish of Plaquemines, the intention to remain there and the abandonment of their domicile in the Parish of Orleans. This they have failed to do. See LSA-R.C.C. Article 41; In re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1952).
For the foregoing reasons, the judgment of the district court dismissing relator's exception is reversed, the exception is maintained, and the case is remanded to the district court for transfer to Civil District Court for the Parish of Orleans in accordance with LSA-C.C.P. Article 121.
Reversed and remanded.
REDMANN, J., concurs.
REDMANN, Judge (concurring).
The Eustises seen to be suable in Plaquemines, either because they are estopped to deny domicile there, or because (as in Foster v. Breaux, 1972, 263 La. 1112, 270 So.2d 526) they have not timely excepted to the venue. Foster, at 263 La. 1122, 270 So.2d 530, noted but did not rule on the issue we have: Does maintainability of venue against one solidary obligor, for reasons other than C.C.P. 42, make venue proper as to the other solidary obligors? The answer is that C.C.P. 73 only authorizes actions against all solidary obligors in any venue proper as to any one solidary obligor "under Article 42".
The evidence is that Orleans is today the Eustises' domicile within C.C. 38. There is no reason to estop Burke from showing so. The Eustises are therefore not suable in Plaquemines under C.C.P. 42; Burke is therefore not suable with them in Plaquemines under C.C.P. 73.
NOTES
[1] In this Act of Sale Geoffrey E. Eustis declared his mailing address to be 1632 Napoleon Avenue, New Orleans, Louisiana.