GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining a plea of prescription. We affirm.
This suit grows out of an automobile accident which occurred in Jefferson Parish on December 6,1971. In her action for personal injuries, plaintiff-guest passenger, a domiciliary of St. Mary Parish, named five parties as defendants: 1) the host-driver (who was domiciled in Texas); 2) the owner of the vehicle in which plaintiff was riding (a domiciliary of St. Mary Parish); 3) the owner-driver of the other automobile involved in the accident (a domiciliary of Jefferson Parish); 4) and 5) the insurers of the owners of the vehicles. Suit was filed on December 4, 1972, in St. Mary Parish. Defendants were served after December 6, 1972.
*535 Venue in St. Mary Parish was based on the solidary obligation of the defendants.[1] In her petition, plaintiff asserted that the owner of the vehicle in which she was riding was liable under the theory of “respon-deat superior”, but she did not allege any facts to justify the assertion — such as the existence of an employer-employee or a principal-agent relationship between the owner and the host-driver. Accordingly, an exception of no cause of action filed by the St. Mary resident-owner of the vehicle was maintained by the trial judge. No appeal was taken from this judgment. The decli-natory exception of improper venue was maintained and the matter was then transferred to Jefferson Parish. All remaining defendants filed, in Jefferson Parish, pleas of prescription.
According to defendants, the suit is prescribed because it was filed in a court of improper venue and service of process was not effected until after the tolling of the prescriptive period. See LSA-R.S. 9:5801.[2] We agree.
We reject plaintiff’s contention that venue in St. Mary Parish obtained against the nonresident defendants remains proper although the maintained exception of no cause of action dismissed the resident defendant. We do not agree with plaintiff’s argument that a dismissal on an exception of no cause of action is the same as a dismissal after a trial on the merits (for venue purposes) and venue, once obtained in St. Mary Parish, remains there. See LSA-C.C.P. art. 73, supra. Venue over the nonresident defendants was sought to be conferred by alleging a solidary obligation with the resident defendant. When the claim against the resident defendant was dismissed on an exception, no basis for venue in St. Mary Parish remained. See Tate v. Dupuis, 195 So. 810, 818 (La.App. 1st Cir. 1940), a case dismissing a suit for want of jurisdiction in such a situation. See also Comment (b) following LSA-C.C.P. art. 73, and Gordon v. Bates-Crumley Chevrolet Co., 182 La. 795, 162 So. 624 (1935). Though the granting of the exception is a final judgment for the purposes of appeal, it cannot be considered as a dismissal “after a trial on the merits” within the meaning of LSA-C. C.P. art. 73.
Plaintiff’s argument, even if meritorious (though we find it without merit), is not timely urged. No appeal was taken from the judgment of the St. Mary Parish Court maintaining the exception of no cause of action and the exception of improper venue. Indeed, plaintiff filed her own “Motion and Order to Transfer” in which she sought to have the action transferred to Jefferson Parish.
Finally, we find no merit to plaintiff’s interpretation of Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), which plaintiff contends is authority for the proposition that the filing of a suit, in a court of improper venue, interrupts prescription if the prescription plea is filed in a court of proper venue. According to plaintiff, the filing of the suit in St. Mary Parish interrupted prescription because Jefferson Parish was the court of proper venue at the time the plea of prescription was filed there.
*536 The Breaux ease, supra, relied on by plaintiff, is inapposite to our case. In Breaux, the court concluded that the exception of venue had been waived,[3] and, therefore, the court in which the suit was filed was one of proper venue at the time that defendant filed his plea of prescription. Unlike Breaux, in our case, the exception of venue was maintained and the matter was transferred to the court of proper venue where the pleas of prescription were filed. Also, in the instant case, St. Mary Parish was not the court of proper venue and the pleas of prescription were maintained, whereas in the Breaux case, the court was ultimately determined to be one of proper venue and the plea of prescription was overruled.
Under the circumstances, we conclude the pleas of prescription were properly raised in Jefferson Parish and properly maintained.[4] The judgment is affirmed.

AFFIRMED.

. LSA-C.C.P. art. 73 reads as follows:
Art. 73. Action against joint or solidary obli-gors
“An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
“If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.”

. LSA-R.S. 9:5801 reads as follows:
§ 5801. Interruption of prescription by filing of suit, service of process
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”

. As to one defendant.

. See Mayeux v. Martin, 247 So.2d 198 (La. App.3d Cir. 1971). See also the dissent in Foster v. Breaux, supra, and “The Work of the Louisiana Appellate Courts for the 1972-1973 Term: Procedure”, 34 La.L.R. 379, 391.