981 So.2d 859 (2008)
Betty B. MORROW and Ralph Morrow, Plaintiff-Appellant,
v.
Elloise M. ALDY PARKER, Legatee of the Estate of Alvin Parker, Progressive Security Insurance Company, Defendant-Appellee.
Richard D. Wright, Plaintiff-Appellee,
v.
Alvin Parker, et al, Defendant-Appellee.
State of Louisiana, Division of Administration, Office of Risk Management, Intervenor-Appellant,
v.
Elloise M. Aldy Parker, et al, Defendant-Appellee.
Nos. 43,097-CA to 43,099-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*860 Houck & Riggle, L.L.C. by Ronald Lee Riggle, Tracy Wayne Houck, Ruston, for Plaintiffs-Appellants Betty B. Morrow and Ralph Morrow.
Louisiana Department of Justice, Litigation Division by Adrienne Danielle White, Assistant Attorney General, for Intervenor-Appellant, State of Louisiana, Division of Administration, Office of Risk Management.
Lavalle Bernard Salomon, for Plaintiff-Appellee Richard D. Wright.
Culpepper & Carroll, PLLC by Bobby L. Culpepper, Jonesboro, for Defendant-Appellee Elloise M. Aldy Parker.
Nelson, Zentner, Sartor & Snellings, L.L.C. by George Marion Snellings, IV, Monroe, for Defendants-Appellees Progressive Security Insurance Co. and Elloise M. Aldy Parker.
Before WILLIAMS, DREW and MOORE, JJ.
DREW, J.
On October 4, 2005, Alvin Parker drove his pickup truck through traffic cones at a road construction site on Louisiana Highway 167 in Jackson Parish. His truck collided with two construction vehicles and then struck Betty Morrow, who in turn was thrown into Richard Wright and Daryl Veach. Morrow, Veach, and Wright were working in the construction zone for the Louisiana Department of Transportation and Development. Alvin Parker later died.
On January 10, 2006, a judgment of possession was rendered in Bienville Parish in the Succession of Alvin Parker. The judgment decreed that Alvin Parker's wife, Elloise Aldy Parker, was the sole and only legatee of Alvin Parker. She accepted her inheritance purely, simply, and unconditionally. Mrs. Parker's domicile is Bienville Parish.
On August 24, 2006, Morrow and her husband, Ralph Morrow, filed suit in Jackson Parish against Mrs. Parker and Progressive Security Insurance Company, which was Alvin Parker's liability insurer. Although the suit was timely filed, Mrs. Parker was served with process outside the prescriptive period. The State of Louisiana, Division of Administration, Office of Risk Management ("State"), intervened on October 3, 2006, to recover workers' compensation payments made and to be made to Morrow.
*861 On October 20, 2006, an answer to the Morrows' original petition was filed on behalf of Mrs. Parker and Progressive Security Insurance Company by attorney George Snellings, IV. The defendants pled several affirmative defenses in their answer, but did not raise any exceptions prior to or in their answer.
On November 8, 2006, attorney Bobby Culpepper filed the exceptions of no cause of action, no right of action, and prescription on behalf of Mrs. Parker. The next day, Snellings, on behalf of Progressive and Elloise Parker, filed the exceptions of no cause of action, no right of action, and prescription in their answer to the petition for intervention.
On January 16, 2006, the Morrows' lawsuit was consolidated with two lawsuits filed on October 3, 2006, that were related to the accident. The first was a lawsuit filed by Richard Wright against Alvin Parker and Progressive. The second was a lawsuit filed by the State of Louisiana Office of Risk Management against Mrs. Parker and Progressive to recover past and future workers' compensation benefits paid to Wright.[1]
The trial court denied the exceptions of no cause of action and no right of action. However, the trial court granted the exception of prescription, finding that although the suits were filed timely against Mrs. Parker, they were prescribed because they were not filed in a parish of proper venue and Mrs. Parker was not served within the prescriptive period. The court concluded that since the suits were brought against Mrs. Parker as an heir, they should be filed in the parish of her domicile, as per La. C.C.P. art. 42. The court also accepted Culpepper's argument that he would have filed an exception of improper venue if Snellings had not already filed an answer on behalf of Mrs. Parker.
The Morrows and the State applied for supervisory writs with this court. Recognizing that the judgment was a final judgment because the trial court had effectively dismissed Mrs. Parker from the lawsuits, we granted the writs and remanded to the trial court for the perfection of appeals. The Morrows and the State now appeal.

DISCUSSION
Mrs. Parker contends that the actions filed against her by the Morrows and the State have prescribed because although they were filed within one year of the date of the alleged accident, they were filed in an improper venue and she was not served by process within the prescriptive period. La. C.C. art. 3462 provides that when an action is commenced in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
In the Morrows' lawsuit, Mrs. Parker waived the declinatory exception of improper venue when Snellings filed an answer on her behalf without pleading the exception prior to or in the answer. See La. C.C.P. arts. 44(C) and 928(A). Therefore, venue was proper because of this waiver at the time that Culpepper filed the exception of prescription in the Morrows' lawsuit. See Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972); and Patterson v. Weber Marine, 630 So.2d 687 (La.1993). It is of no moment that the court believed that Culpepper would have filed the exception *862 on behalf of Mrs. Parker if Snellings had not first filed an the answer. Nevertheless, even if the exception of improper venue had not been waived, neither lawsuit against Mrs. Parker would have been prescribed pursuant to La. C.C. art. 3462 because the suits were filed in a parish of proper venue.
At the time the lawsuits were filed, a judgment of possession in the Succession of Alvin Parker had already placed Mrs. Parker in possession of all assets left by Alvin Parker at the time of his death. The judgment recognized Mrs. Parker as the sole and only legatee of her husband, making her a universal legatee.[2] As a universal legatee, Mrs. Parker was a proper defendant in an action to recover damages caused by her husband. La. C.C.P. art. 427 states:
An action to enforce an obligation, if the obligor is dead, may be brought against the heirs, universal legatees, or general legatees, who have accepted his succession, except as otherwise provided by law. The liability of these heirs and legatees is determined by the provisions of the Civil Code.
The general rules of venue found in La. C.C.P. art. 42 that are applicable to this matter provide that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.
However, this general rule is subject to the exception found in La. C.C.P. art. 74, which states, in part:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
When there is a conflict between art. 42 and art. 74, and the mandatory venue provisions, La. C.C.P. arts. 78-83, are not applicable, then the plaintiff may bring the action in any venue provided by any applicable article.[3]See La. C.C.P. art. 45(3). Accordingly, these tort actions were properly brought in Jackson Parish, the parish where the wrongful conduct occurred and where damages were sustained.[4] The trial court erred in granting the exception of prescription.

CONCLUSION
With Mrs. Parker to pay the appellants' filing fees of $385.00, the judgment granting the exception of prescription in the two lawsuits against Mrs. Parker is REVERSED.
NOTES
[1] In the State suit, Culpepper filed the exceptions of no cause of action, no right of action, and prescription on behalf of Mrs. Parker. The next day, Snellings raised the exceptions of no cause of action, no right of action, and prescription on behalf of Mrs. Parker and Progressive in their answer to the State suit.
[2] La. C.C. art. 1585 states, in part: "A universal legacy is a disposition of all of the estate, or the balance of the estate that remains after particular legacies."
[3] La. C.C.P. art. 81, pertaining to actions involving successions, is not relevant in this case because the suits were filed after the succession had been closed by the judgment of possession.
[4] To rule otherwise would fly in the face of judicial economy.