SCHOTT, Judge.
We granted a writ of certiorari in order to examine the validity of a judgment of the trial court which overruled an exception of prescription filed by realtor, U-Haul Co. of Southern Louisiana. The issue is whether the filing of the suit originally in Jefferson Parish was sufficient under LSA-R.S. 9:5801 to interrupt the one year prescription established by C.C. Art. 3536 for an action in tort growing out of an automobile accident.
The accident in question occurred on May 13, 1978, in the Parish of St. Tammany and plaintiffs originally filed a suit in the Parish of Jefferson on May 11, 1979, against Mr. and Mrs. Loring Smith, Jr. and relator. In that suit plaintiffs alleged that the Smiths were domiciled in the Parish of Jefferson and that relator was a Louisiana corporation authorized to do and doing business in the State of Louisiana. Service of process was made on relator on May 16, 1979, and relator responded with a declina-tory exception of improper venue pursuant to C.C.P. Art. 925. In support of its exception relator relied on R.S. 9:5801 which provides as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.” (Emphasis supplied).
At the trial of the exceptions relator established that its domicile and the address of its registered agent for the service of process were located in Orleans Parish. It also filed a letter written by its attorneys to the U.S. Postal Service in Metairie requesting a change of address on the Smiths, whose previous address was in Jefferson Parish, and a response from the U.S. Postal Service showing that the forwarding address for the Smiths was in Biloxi, Mississippi. The trial court overruled the exception reasoning that C.C.P. Art. 71 provides that an action against a defendant who has changed his domicile from one parish to another may be brought in either parish for a period of one year after the date of the change unless the party has filed a declaration of an intent to change his domicile in a manner provided by law. From this ruling relator filed an application for supervisory relief to this court which was denied. However, supervisory writs to the Supreme Court were granted with the following statement:
“Writs granted. Judgment of trial court overruling exception of venue reversed. Case remanded to district court to grant change of venue to either Orleans Parish or St. Tammany Parish.”
The case was subsequently transferred by the District Court in Jefferson Parish to the *883 Civil District Court for the Parish of Orleans. There relator filed a peremptory exception of prescription under C.C.P. Art. 927, relying on the provisions of R.S. 9:5801 and arguing that since Jefferson Parish was not the court of proper venue prescription was not interrupted because service of process was not obtained until three days after prescription had run. The trial judge overruled the exception of prescription, whereupon relator applied for writs to this court.
Respondents argue that there was an insufficient showing that the Smiths had changed their domicile to Mississippi since the only evidence consisted of the letter from the Post Office indicating a new address on these defendants. They contend that the burden of proof was on relator to establish that the Smiths changed their domicile and that relator failed to carry this burden. However, this argument flies in the face of final action taken by the Supreme Court which maintained relator’s exception of improper venue. Since Jefferson Parish was not the court of proper venue, prescription was not interrupted by the service of process served on relator more than one year after the accident. R.S. 9:5801, Verdun v. Plaisance, 339 So.2d 533 (La.App. 4th Cir. 1976). See also Calhoun v. Ford, USCA 5th Cir. September 5, 1980.
Accordingly, the judgment of the trial court overruling the exception of prescription by U-Haul Co. of Southern Louisiana is reversed and set aside, and there is judgment in favor of relator, U-Haul Co. of Southern Louisiana, and against respondents, Alfred Edwards and Paula Toliver, maintaining the exception of prescription filed by U-Haul Co. of Southern Louisiana, and dismissing respondents’ suit at their cost.
CERTIORARI GRANTED.
JUDGMENT REVERSED.