247 So.2d 198 (1971)
Julius Paul MAYEUX, Individually, and for the Minors, Michael Mayeux, Elizabeth Mayeux, and Tammy Mayeux and Jennie D. Mayeux, Individually, Plaintiffs-Appellants,
v.
Clarence J. MARTIN and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 3401.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
*199 Gravel, Roy & Burnes by Chris J. Roy, Alexandria, for plaintiffs-appellants.
Gist, Methvin & Trimble by David Hughes, Alexandria, for defendants-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This is an action for damages allegedly sustained by plaintiffs, Mr. and Mrs. Julius Paul Mayeux, and their minor children as the result of an automobile accident. The defendants are Clarence J. Martin and his insurer, State Farm Mutual Automobile Insurance Company. Judgment was rendered by the trial court sustaining an exception of prescription filed by defendants and dismissing the suit. Plaintiffs have appealed.
The sole issue presented is whether the running of the prescription of one year, as provided in LSA-C.C. art. 3536, was interrupted by the institution of the instant suit.
The accident occurred in the City of New Orleans, Orleans Parish, Louisiana, on March 11, 1969. This suit was instituted one year later, on March 11, 1970, in the Ninth Judicial District Court, in Rapides Parish, Louisiana. Service of process was not made on either of the defendants until after March 11, 1970.
Defendant Martin is a resident of Jefferson Parish, Louisiana. The other defendant, State Farm, is a foreign corporation authorized to do business in Louisiana, and it was served with process through the Secretary of State. Neither of the defendants is a resident of, or is domiciled in, Rapides Parish.
On March 30, 1970, defendants filed an exception of prescription alleging and contending that the action is barred by prescription of one year, as provided by LSA-C.C. art. 3536. They concede that this suit was filed within one year after the accident occurred, but they argue that the filing of such a suit did not interrupt the running of the one year prescription, because the suit was instituted in a court of improper venue, and service of process was not made on either of the defendants until after the one year prescriptive period had elapsed.
All parties agree that the prescription of one year, as provided in Art. 3536 of the Louisiana Civil Code, is applicable here. LSA-R.S. 9:5801 (as amended by Act 31 of 1960), relating to the interruption of prescription by the filing of suit, provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
The instant suit was instituted within one year after the date on which the accident occurred. It was filed in a court of competent jurisdiction in Rapides Parish. We find, however, that although the Rapides court is competent it is a court of improper venue, since the accident did not occur in that parish and since neither of the defendants was a resident of or was domiciled in that parish. See LSA-C.C.P. arts. 42, 43 and 74.
*200 Under the provisions of LSA-R.S. 9:5801, the running of prescription is interrupted by the mere filing of a civil action, if that action is filed in a court of competent jurisdiction and in the proper venue. When the suit is filed in a court of improper venue, however, the running of prescription is not interrupted as to any defendant until that defendant has been served with process.
The present suit was filed in a court of improper venue, and service of process was not made on either of the two defendants until after the one year prescriptive period had elapsed. Under those circumstances, it appears to us that the last sentence of LSA-R.S. 9:5801 applies, and that the action must be held to have prescribed. Flowers v. Pugh, 51 So.2d 136 (La.App. 1 Cir. 1951); Lipps v. Zor, Incorporated, 170 So.2d 915 (La.App. 4 Cir. 1965).
Plaintiffs contend, however, that defendants have waived their objections to venue by their failure to plead the declinatory exception of improper venue and by making a general appearance in this suit. They argue that the filing of the exception of prescription which is before us now constituted a general appearance by both defendants, that by making such an appearance the defendants waived their objections to venue, and that the district court in Rapides Parish thus has become a court of proper venue. It is argued that since the Rapides Court has now become a court of proper venue, the last sentence of LSA-R.S. 9:5801 is not applicable, and the mere filing of the suit in Rapides Parish interrupted the running of prescription, regardless of when service of process may have been made. We have concluded that there is no merit to this argument.
It is unnecessary for us to determine whether the filing of the exception of prescription in the instant suit constituted a waiver of defendants' objections to venue, because we think the result would be the same in any event. Assuming that the filing of the exception did constitute such a waiver, as contended by plaintiffs, we believe the effect of that waiver was simply to bar defendants from asserting such an objection later. It did not have the effect of making the Rapides Parish court a court of proper venue. It did not alter the fact that the suit was filed in a court of improper venue and that service of process was not made until after the prescription period had run. It did not change the circumstance that the action had prescribed before any such waiver took place.
It would have been legally possible, of course, for defendants to have renounced the prescription which had accrued. Article 3460 of the Civil Code provides that "it is lawful to renounce prescription when once acquired." And, article 3461 provides that such renunciation of prescription is either expressed or tacit. In the instant suit, however, defendants did not renounce the prescription which had accrued, either expressly or tacitly. On the contrary, the only pleading they have filed in this suit is one in which they affirmatively plead prescription, and demand that the suit be dismissed on the grounds that the action has prescribed.
We feel that the waiver of defendants' objection to venue, assuming that there was such a waiver, did not have the effect of constituting the Rapides court as a court of proper venue within the meaning of LSA-R.S. 9:5801. And, we do not believe that defendants, by waiving their objections to venue, must also be held to have renounced their right to plead the prescription which already had accrued under LSA-C.C. art. 3536.
Our conclusion is that the trial court correctly sustained the exception of prescription filed by defendants.
Plaintiffs contend, finally and alternatively, that they are entitled to have the case transferred to a court of proper venue. It is argued that once the case is so transferred, "the date of the transfer is retroactive to the date that the case was *201 filed in the competent court of improper venue," and that it would logically follow that prescription was interrupted by the original filing of the suit in Rapides Parish. No authorities have been cited to support that argument except LSA-C.C.P. art. 121.
We cannot agree with plaintiffs that a transfer of the case to a court of proper venue would deprive defendants of the right to urge the same exception or plea of prescription which has already been filed in this suit. In our opinion, defendants could urge the exception of prescription in the court to which it is transferred with the same result as it has been argued here. No useful purpose would be served, therefore, by transferring the case to another court.
For the reasons herein set out, the judgment appealed from is affirmed. The cost of this appeal are assessed to plaintiffs-appellants.
Affirmed.