**Horace J. WASHINGTON, Sr.,**
**Plaintiff-Appellant,**

v.

**Duffy BREAUX, et al.,**
**Defendants-Appellees.**

**No. 85–3438**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1986.

Horace J. Washington, Sr., pro se.

Waitz & Downer, Randall L. Bethancourt, Houma, La., for defendants-appel-

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

The appellant, Horace Washington, Sr., appeals from the dismissal of his section 1983 suit against Warden Leroy Lecompte and Lafourche Parish Sheriff Duffy Breaux. In his complaint, Washington alleges that upon arriving at the Lafourche Parish Jail, he was placed in a cellblock where a gang of prisoners beat and robbed him. Washington alleges that as a result of the beating he suffered excruciating pain. Because we find that Washington's action was properly dismissed as untimely filed, we affirm.

I

Since this action was dismissed on the pleadings, Washington's allegations must be accepted as true. *See Swerdloff v. Miami National Bank,* 584 F.2d 54, 57 (5th Cir.1978). Washington alleges that when he was transferred to the Lafourche Parish Jail from Angola State Penitentiary on September 30, 1983, he was kept in shackles for approximately one hour and then placed in a cellblock with problem prisoners, a gang of whom beat him savagely and robbed him of all his personal belongings. Washington alleges that as a result of the beating he suffered excruciating pain. Although admitting that immediately after the beating he was taken to a doctor's office in Thibodeaux, Louisiana, where four stitches were placed around his left eye, Washington contends that he did not receive medical assistance to relieve his pain at that time. Indeed, on or about October 14, 1983, Washington was taken to a physi-

cian to be x-rayed and was found to have two facial fractures. Surgery to correct the fractures was later performed at Charity Hospital in New Orleans.

Washington apparently entrusted the physical filing of his complaint to his wife, who, he alleges, filed the complaint initially in the Louisiana First Circuit Court in Baton Rouge on or about August 4, 1984. He contends that the complaint was not returned to him but was transferred to the United States District Court for the Middle District of Louisiana where it was filed on October 30, 1984, and that it finally reached the Eastern District, the proper venue, on November 21, 1984. Washington apparently acknowledges that if the date of filing is found to be either October 30, 1984, or November 21, 1984, the Louisiana statute of limitations bars his action. To avoid this result, Washington argues that because the suit was timely filed in state court on August 4, 1984, the federal court had "constructive receipt" of his claim.

On December 5, 1984, the district court, pursuant to 28 U.S.C. 636(b)(1)(B), referred Washington's case to a magistrate. On June 3, 1985, the magistrate recommended that the suit be dismissed with prejudice because the complaint showed that the Louisiana one-year prescriptive period for personal injuries [1] had run by the time the suit finally reached the proper forum on November 21, 1984.[2] The magistrate noted that the continuing alleged wrong to Washington, if any, occurred between September 30, 1983, the date of the fracture, and October 14, 1983, the date it was diagnosed. On July 1, 1985, the district court adopted the magistrate's recommendation and dismissed the action with prejudice. Washington filed a timely notice of appeal.

## II

Washington's suit is barred by the Louisiana statute of limitations if the filing

date of October 30, 1984 or November 21, 1984 is used. This is true whether the day of the injury, September 30, 1983, or the period during which Washington alleges he experienced pain from the injury, ending October 14, 1983, is applied. Washington argues, however, that August 4, 1984, the date the complaint was filed in state court, is the date that this court should use to determine prescription. This contention cannot be supported.

Under Louisiana law, which the Supreme Court in *Wilson v. Garcia,* — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), has held to be applicable in section 1983 actions, the statute of limitations is interrupted by the filing of suit in a court of competent jurisdiction within the prescriptive period. *Foster v. Breaux,* 263 La. 1112, 270 So.2d 526, 529–30 (1972). If, however, an action is filed in a court lacking jurisdiction or proper venue, the statute of limitations is interrupted only by service of citation. La.Civ.Code Ann. Art. 3462; *Mayeux v. Martin,* 247 So.2d 198, 200 (La.App.1971); *Knight v. Louisiana Power and Light Co.,* 160 So.2d 832, 833–34 (La.App.), *writ denied,* 246 La. 79, 163 So.2d 357 (1964). Statute of limitations is interrupted only by service of citation. La.Civ.Code Ann. Art. 3462; *Mayeux v. Martin,* 247 So.2d 198, 200 (La.App.1971); *Knight v. Louisiana Power and Light Co.,* 160 So.2d 832, 833–34 (La.App.), *writ denied,* 246 La. 79, 163 So.2d 357 (1964). Washington alleges that he filed his action in the "First Circuit Court in Baton Rouge, Louisiana." This filing failed to interrupt the Louisiana statute of limitations. While Louisiana state courts have jurisdiction over section 1983 actions, *see Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980), the Louisiana First Circuit Court of Appeals is an appellate court, not a court of original jurisdiction; procedurally, it lacked jurisdiction to hear

---

1. Although 42 U.S.C. § 1983 contains no statute of limitations, the Supreme Court has determined that the analogous state law statute of limitations for personal injuries and the closely related state laws governing the tolling of the statute are applicable in such cases. *Wilson v. Garcia,* — U.S. —, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). The applicable period in Louisiana is the one-year period of La.Civ.Code Ann. Art. 3492 (former Art. 3536(1)), which commences to run from the day injury or damage is sustained.

2. The magistrate further stated that Washington could not recover on the merits of his action. The magistrate noted that, assuming all Washington's allegations about medical treatment were correct, he had stated, at most, a claim for negligence for which he could not recover. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). On appeal, Washington contends that this proposed finding was in error and should be reversed. Since we hold that Washington's action is barred by the statute of limitations, we do not reach this issue.

the case.[3] *See* 2 La.S.A. Const.R.V. art. 5 §§ 8(A), 16(A) (1974 and 1982 amendments). Since Washington does not contend that process was served on the defendants when the action was filed in Baton Rouge, the statute of limitations was not interrupted when Washington's action was filed on August 4, 1984. By the time this action had reached a court of both proper jurisdiction and venue, the United States District Court for the Eastern District of Louisiana, the statute of limitations had run.

### III

Because Washington failed to file his suit in a court of proper jurisdiction and venue within the limitations period, and Louisiana law prohibits this court from finding that the action was commenced for purposes of tolling the statute of limitations with its filing in state court, the district court's dismissal of Washington's action is

AFFIRMED.

---

**3.** Additionally, we note that even if Washington had filed his action in the state district court of Baton Rouge, the nineteenth judicial district, the venue would have been improper. The events alleged in Washington's complaint occurred in or near Thibodeaux, Louisiana, which is located in Lafourche Parish, the seventeenth judicial district. The defendants were corrections officers in that parish. Washington does not allege that the defendants live outside Lafourche Parish. For these reasons, the district court located in the seventeenth district would have been the state court having both jurisdiction and venue in this action.