639 So.2d 342 (1994)
Stanley COCHREN
v.
LOUISIANA POWER & LIGHT CO., et al.
No. 94-CA-0002.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 1994.
*343 F.M. Stoller, Edward P. Gothard, McCloskey, Langenstein & Stoller, New Orleans, for plaintiff/appellant.
Charlton B. Ogden, III, Ogden, Ogden & Wright, New Orleans, for defendants/appellees.
Before WARD, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
Stanley E. Cochren (Cochren) filed suit in the 34th Judicial District Court for the Parish of St. Bernard on 11 October 1991 seeking damages for injuries sustained in an accident which allegedly occurred on 16 October 1990. At the time of the accident, Cochren was employed by E.T. Smith Services of Alabama, Inc. (Smith) and working on a facility owned and operated by Louisiana Power and Light Company (LP & L). Cochren filed suit against Smith and LP & L, as well as the designer and manufacturer of the circuit breaker box which allegedly caused the accident, General Electric Company (GE). In his petition, Cochren alleged that the defendants were liable jointly, severally and in solido for his injuries.
GE was served on 18 October 1991; LP & L was served on 21 October 1991; Smith was served on 21 October 1991. GE answered on 4 December 1991, generally denying liability and pleading Cochren's comparative fault. A day later, LP & L filed a declinatory exception of improper venue and a peremptory exception of prescription based on the fact that the accident occurred in Orleans Parish at New Orleans Public Service, Inc.'s Michoud facility. Also on 5 December 1991, Smith filed an exception of no cause of action, contending that Cochren's claim against Smith is limited to a cause of action under the Louisiana Workers' Compensation laws, together with an answer generally denying Cochren's claim and a cross-claim against LP & L and GE.
On 9 December 1991, GE filed an amended answer, urging a declinatory exception of improper venue and a peremptory exception of prescription. On 8 January 1992, GE joined in LP & L's exception of improper venue and by separate pleading joined in LP & L's exception of prescription. On 15 January 1992, Smith filed an exception of improper venue, adopting the argument contained in LP & L's venue exception.
By judgment of 8 April 1992, the trial court denied Smith's and GE's exceptions of improper venue,[1] denied all exceptions of prescription, and granted LP & L's exception of improper venue. Upon application by LP & L to this court for supervisory writs,[2] St. Bernard court's judgment of 8 April 1992 was vacated with respect to its ruling on LP & L's exception of prescription and further proceedings were ordered to be conducted in the Civil District Court for the Parish of Orleans. In accordance with this order, LP & L's peremptory exception of prescription *344 was tried in Civil District Court for the Parish of Orleans and judgment was rendered on 8 November 1993 in favor of LP & L, dismissing Cochren's petition. Cochren appeals from that judgment.

DISCUSSION
Smith is a foreign corporation doing business in Orleans Parish; LP & L is a domestic corporation doing business in Orleans Parish and having its registered office in Orleans Parish; GE is a foreign corporation registered in Louisiana, with a designated principal business establishment in Jefferson Parish. Cochren is a resident of the State of Mississippi and his alleged injury took place in Orleans Parish. Thus, Cochren's suit filed in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard was filed in a court of improper venue[3] and no defendant was served with citation and petition until more than one year[4] after the date of Cochren's alleged injury. See Mayeux v. Martin, 247 So.2d 198, 199 (La. App. 3rd Cir.1971) (where the accident did not occur in St. Bernard Parish where suit was filed and where none of the defendants were a resident or domiciled in that parish, that court is not a court of proper venue).
LP & L was not served prior to the passage of the one-year prescriptive period and excepted to the St. Bernard Parish venue in a timely manner. Cochren argues, however, that his pleading joining GE and Smith as solidary obligors with LP & L causes their responsive pleadings, which waived the improper venue and consequently renounced or forfeited their claim to prescription, to be imputed to LP & L, thus making venue proper in St. Bernard and interrupting prescription as to LP & L as a solidary obligor. We disagree.
Although the present jurisprudential trend in this state is to avoid prescription, the fact remains that prescription is the prerogative of the Legislature. See La.Civ.Code Ann. art. 3457 (West Supp.1994). In Arean Moore, as natural tutrix of her minor children, Traney Moore, Tasha Moore, and Terrence Moore v. Gencorp. Inc. of Ohio, et al., 633 So.2d 1268 (La.1994), Justice Dennis writing for the Court correctly stated the jurisprudential rule:
First, always, is the question whether the legislature has directly spoken to the precise question at issue. If the intent of the legislature is clear, that is the end of the matter; for the courts must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. La.Civ.Code art. 9; Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991); Cf. Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842 [104 S.Ct. 2778, 2781, 81 L.Ed.2d 694] (1984).
In this case, the legislature enacted La. Civ.Code Ann. arts. 3503 and 3462 (West Supp.1994) which read as follows:
Article 3503Solidary Obligors
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.
Article 3462Interruption by filing of suit or by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
These articles are not ambiguous and are not in conflict. Article 3503 establishes the effect of the interruption of prescription on *345 solidary obligors. Article 3462 establishes when and how prescription is interrupted and against whom. Clearly, the timely filing of suit in a court of competent jurisdiction and venue interrupts prescription as to the defendant sued as well as to his solidary obligors. Just as clearly, however, when suit is filed in a court of improper venue, prescription is not interrupted unless one of the defendants was served by process within the prescriptive period.[5]
It is undisputed that this suit was filed against all three defendants in a court of improper venue and that none of the defendants were served with process within the prescriptive period. Therefore, prescription was not interrupted[6] and tolled as to the three defendants. Whether Smith and GE waived or renounced their claim to prescription is not before us, but to decide the issue presented it must be presumed that they did. Thus, given the facts of this case, the only question before us is whether the action of the other two defendants in submitting to improper venue constitutes a waiver or renunciation of LP & L's right to claim prescription because LP & L is an alleged solidary obligor. We think not.
Each of the defendants had the right to claim prescription or to waive or renounce it. LP & L chose to claim it, and no action of its codefendants could revive Cochren's claim against LP & L or deprive LP & L of its defense. Once prescription has tolled, the legal obligation itself is extinguished. Nonetheless, prescription is a defense that must be raised and is effective in favor only of the party claiming it. It cannot be urged by one party defendant in favor of another, and the failure of one party defendant to claim it does not deprive another party defendant of the claim. Cochren's suit did not interrupt prescription and his claim was extinguished.
Cochren's reliance on La.Civ.Code art. 3503 and Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (La.1972) is misplaced. Article 3503 which provides that "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors ...," (emphasis added) presupposes that prescription has not run. GE's failure to except to venue prior to pleading may have constituted a renunciation or waiver of prescription as to itself, but did not interrupt prescription because prescription already had tolled. The question then becomes whether GE's submission to venue renounced or waived its solidary obligor's (LP & L) entitlement to prescription. Breaux might be wrong, but it is not dispositive of the issue before us. There the Court determined that, although "the issue is not free from doubt," based on the defendant's failure to except to venue "the filing of the action in (thus) a court of competent jurisdiction therefore interrupted prescription as to [the defendant]." Breaux, however, expressly left open the issue of whether the plaintiff's suit which was held timely against Breaux under the particular circumstances of the case "had the effect of interrupting prescription against [another defendant] if he is a solidarily obligor." Breaux, 270 So.2d at 530.
In this case, prescription was not interrupted as to the other defendants; they abandoned, renounced, or forfeited their claim to it under Breaux. We conclude, therefore, that even assuming LP & L is solidarily liable with GE and Smith, that prescription had tolled as to all three and a waiver or renunciation of prescription by GE or Smith does not serve as a waiver or renunciation of LP & L's right to prescription. Without a mandate one cannot renounce a right that belongs to another.
Accordingly, the trial court's judgment granting LP & L's exception of prescription is affirmed.
AFFIRMED.
WALTZER, J., dissents.
*346 WALTZER, Judge, dissenting.
I respectfully dissent from the majority opinion herein.
I believe we are constrained to find that under the current jurisprudence of the Louisiana Supreme Court, the actions of LP & L's allegedly solidary co-obligors constitute a renunciation by LP & L of its accrued prescription, and would reverse the trial court's judgment granting LP & L's exception of prescription.

STATEMENT OF FACTS
Cochren is a resident of the State of Mississippi. Cochren's alleged injury took place in Orleans Parish. Smith is a foreign corporation doing business in Orleans Parish; LP & L is a domestic corporation doing business in Orleans Parish and having its registered office in Orleans Parish; GE is a foreign corporation registered in Louisiana, with a designated principal business establishment in Jefferson Parish.
Cochren brought suit in St. Bernard Parish, and no defendant was served with citation and petition until after the passage of more than one year from the date of Cochren's alleged injury.
Cochren's petition alleges that his injuries were caused by the three defendants, whom he contends are liable jointly, severally and in solido.

APPLICABLE LEGAL PRINCIPLES
The Thirty-Fourth Judicial District Court for the Parish of St. Bernard is not a court of proper venue for any of these three defendants.[1]
Where the accident did not occur in St. Bernard Parish, where suit was filed, and where none of the defendants were a resident or domiciled in that parish, that court is not a court of proper venue. Mayeux v. Martin, 247 So.2d 198, 199 (La.App. 3rd Cir.1971).
The liberative prescription of one year is relevant to the claim for damages allegedly sustained by Cochren as a result of the fault of the three defendants.
LSA-C.C. art. 3492 provides in pertinent part:
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained...."
LSA-C.C. art. 3462 governs interruption of the prescription by filing of suit or service of process:
"Prescription is interrupted when the ... obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
LSA-C.C.P. 5251 defines "competent court":
"(4) `Competent court', or `court of competent jurisdiction', means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding."
LP & L excepted to the St. Bernard Parish venue in a timely manner. It had not been served prior to the passage of the one-year prescriptive period. Had LP & L been the sole defendant, the inquiry would end at this point, and Cochren's petition properly would be dismissed. Mayeux v. Martin, 247 So.2d 198 (La.App. 3rd Cir.1971).
Cochren contends, however, that his pleading joining GE and Smith as solidary obligors causes their responsive pleadings, which waived the improper venue and renounced the applicable prescription, to be imputed to LP & L, thus eliminating LP & L's right to assert prescription.
*347 In Book III of the Civil Code, Of the different modes of acquiring the ownership of things, Title III, Obligations in general, LSA-C.C. art. 1799 provides:
"The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."
Likewise, in Book III, Title XXIV, Prescription, LSA-C.C. art. 3503 provides:
"When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."
Planiol views this solidary interruption as a consequence of the civilian view of solidary obligors as reciprocally having given each other a limited mandate.[2] Thus, our Code allows one solidary obligor, acting for the others, to interrupt prescription against all the solidary obligors.
GE's answer filed 4 December 1991 constituted a general appearance waiving the declinatory exception of improper venue for each of the alleged solidary defendants.[3]
GE, in formulating its responsive pleadings, relied on the truth of Cochren's allegation in the petition that the accident occurred in St. Bernard Parish, at LP & L's Chalmette facility. This reliance was based on the requirement of LSA-C.C.P. 863:
"A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, ...
"B.... [T]he signature of an attorney... shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; ...."
*348 Counsel for GE went further, and ascertained that LP & L did, indeed, have an operating facility in St. Bernard Parish, but GE failed to determine that the plaintiff's alleged injury occurred at the St. Bernard plant. Smith likewise filed responsive pleadings in the St. Bernard Parish Court, although as the power company's contractor it knew or should have known the location of the plant where it was performing work at the time of Cochren's injury.
Current Louisiana jurisprudence concerning the law of prescription would seem to require the conclusion that GE and Smith, by failing to except timely to Cochren's choice of venue, tacitly renounced the accrued prescription for themselves and for LP & L. The Louisiana Supreme Court disposed of this issue in Foster v. Breaux, supra. Foster provides several touchstones for the ultimate determination of this case:
[1] "Under Louisiana jurisprudence, prescriptive statutes are strictly construed, and of two permissible constructions that is adopted which favors maintaining rather than barring the action." (Foster, supra [263 La. 1112, 270 So.2d] at p. 529).
[2] "[F]or purposes of the Code, the decision whether the court is one `of competent jurisdiction' is determined not by the situation at the time of filing the suit but instead by the situation at the time the competency of the court is questioned." (Id.)
[3] "If he [defendant] files the peremptory exception pleading urging prescription subsequently to filing the declinatory exception objecting to the venue, he thus makes a general appearance waiving declinatory objections. La.C.Civ.P., Arts. 7, 925." (Foster, supra [263 La. 1112, 270 So.2d] at p. 530.)
[4] "[I]t seems to us, where a party tacitly renounces the right to plead a circumstance (improper venue) which might validate a plea of prescription, he may not be permitted to re-urge the circumstance thus renounced in order to validate his prescription plea." (Foster, supra [263 La. 1112, 270 So.2d] at p. 529.)
Although this holding seems at variance with the civilian notion of knowing, clear and unequivocal waiver of accrued prescription, the Louisiana Supreme Court has not limited the effect of the Foster decision, and I believe this Court is bound by its reasoning. Apparently, the limited mandate existing between solidary co-obligors is sufficient to support the Court's conclusion. LP & L's position that prescription was not interrupted as to LP & L could be validated at a trial on the merits should the trier of fact determine by a preponderance of the evidence that LP & L and GE are not, in fact, solidary obligors. The Louisiana Supreme Court held in Spott v. Otis Elevator Co., 601 So.2d 1355, 1359 (La.1992):
"Because Otis was ultimately found not liable, which result we affirm, the plaintiff cannot rely on La.Civ.Code art. 3503 nor on La.Civ.Code art. 2324(C). These articles provide that interruption of prescription as to one solidary obligor interrupts prescription as to all other solidary obligors. Randall v. Feducia, 507 So.2d 1237, 1239 (La.1987)."
If the timely served defendant and LP & L were to be found to be solidary obligors, prescription of the cause of action against LP & L will have been interrupted; if the parties were not found to be solidary obligors (joint tortfeasors), then LP & L would have a valid prescription defense under Spott, supra.
Applying these holdings to the facts of the case at bar, it is clear that on 4 December 1991, GE filed responsive pleadings that waived the exception of improper venue at that time for itself and for its allegedly solidary co-obligors.[4]
*349 When LP & L filed its exceptions to the venue and of prescription on 5 December 1991, venue was proper and, therefore, under the Supreme Court's ruling in Foster v. Breaux, supra, I believe prescription was interrupted by the filing of suit in a proper venue against each of the co-defendants. For that reason, I would reverse the judgment of the trial court granting LP & L's exception of prescription.
NOTES
[1] The trial court found that the improper venue was the result of Cochren's inadvertence and, in accordance with Habig v. Popeye's, Inc., 553 So.2d 963 (La.App. 4th Cir.1989), transferred the case to the Civil District Court for the Parish of Orleans. GE's application to this Court for supervisory writs was denied, this court finding that, in failing to plead exception of improper venue prior to its answer, GE effectively waived its venue exception and because venue was thus proper as to GE at the time it filed its plea of prescription, the action had not prescribed.
[2] No. 92-C-0925, Stanley E. Cochren v. Louisiana Power & Light Company, et al.
[3] The proper venue for LP & L, a domestic corporation, is Orleans Parish, where its registered office is located. La.Code Civ.Proc. art. 42(2). The proper venue for GE, a foreign corporation licensed to do business in this state, is Jefferson Parish, where its designated principal business establishment is located. La.Code Civ. Proc. art. 42(4). The proper venue for Smith, a foreign corporation not licensed to do business in this state, is either Jefferson Parish or Orleans Parish, which are the only proper venues under Article 42. La.Code Civ.Proc. art. 42(5), La.Rev. Stat.Ann. §§ 13:3471(1), 13:3201, 13:3203.
[4] The liberative prescription of one year is applicable to this action. La.Civ.Code Ann. art. 3492 (West Supp.1994).
[5] See Spott v. Otis Elevator Co., 601 So.2d 1355, 1360 (La.1992) (Article 3503 does not apply to interrupt prescription as to defendant not served within one year of incident where defendant who was timely served was ultimately found not liable).
[6] See Noggarath v. Fisher, 557 So.2d 1036, 1037 (La.App. 4th Cir.1990) (prescription, once accrued, cannot be interrupted) (citations omitted); see also Juneau v. Hartford Ins. Co., 458 So.2d 1011, 1015 (La.App. 3rd Cir.1984) (when prescription accrued, the civil obligation was extinguished).
[1] The proper venue for LP & L, a domestic corporation, is Orleans Parish, where its registered office is located. LSA-C.C.P. art. 42(2).

The proper venue for GE, a foreign corporation licensed to do business in this state, is Jefferson Parish, where its designated principal business establishment is located. LSA-C.C.P. art. 42(4).
The proper venue for Smith, a foreign corporation not licensed to do business in this state, is either Jefferson Parish or Orleans Parish, which are the only proper venues under article 42. LSA-C.C.P. art. 42(5), LSA-R.S. 13:3471(1), LSA-R.S. 13:3201 and LSA-R.S. 13:3203.
[2] "Modern doctrine has not had any difficulty in defining the `mandate,' which it assumes between solidary co-debtors; it has borrowed purely and simply a formula originated by Dumoulin in the 16th century to reconcile two Roman laws... and it has not even taken the trouble to look that far back, for it is found reproduced in Pothier (No. 273). Co-debtors are considered as having reciprocally given a mandate (we say: are the constituted representatives of each other) `ad conservandam vel perpetuandam obligationem, non autem ad augendam.' This mandate therefore has only a limited character.... Modern authors link to the idea of mandate certain secondary effects of solidarity which always have been recognized and which our ancient authors never succeed in explaining satisfactorily. These effects are relative to the interruption of prescription, the putting in default and fault.... The interruption resulting against one of the solidary co-debtors from the filing of a suit by the creditor is effective as to the other co-debtors.... This effect of the solidarity was established by Justinian ... which based it on a simple consideration of practical utility.... The provisions... have been extended ... to the acknowledgement of the debt made voluntarily by one of the debtors, which adds still further to the power of mutual representation vested in them." Planiol, Traite Elementaire du Droit Civil, Vol. 2, Part 1, Nos. 754 and 756.
[3] The Louisiana Supreme Court, in Foster v. Breaux, supra treats this waiver as a renunciation of prescription, and the joint tortfeasor's position as that of one who has tacitly renounced prescription that has run in his favor.

LSA-C.C. art. 3450 provides in pertinent part:
"Renunciation [of prescription] may be express or tacit. Tacit renunciation results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned."
Civilian authorities require that the acts subsequent to acquisition of the prescriptive right must demonstrate an unequivocal intent to renounce the benefit of prescription.
"It does not suffice that they seem to indicate that the prescription will not be invoked. They must imply the renunciation so clearly that they can not be interpreted otherwise." Baudry-Lacantinerie & Tissier, Prescription, Ed. 4, 1924, updated, in Volume 5, Civil Law Translations, no. 70 at p. 45.
The acts constituting renunciation "must imply the renunciation of prescription without any doubt." Baudry-Lacantinerie & Tissier, supra no. 76 at p. 46.
This Court held in Queen v. W & W Clarklift, 537 So.2d 1214, 1216 (La.App. 4th Cir.1989):
"[A]rticle 3450 provides for tacit renunciation resulting from circumstances that give rise to a presumption that the advantages of prescription have been abandoned. Renunciation of accrued prescription, to be effective, must be unequivocal and takes place only when the intent to renounce is clear, direct, absolute and manifested by words or actions of the party in whose favor prescription has run.... Defendant could not form the intent to renounce prescription when it was not only unaware that prescription had accrued but was specifically led to believe that it had not."
"Tacit renunciation can result only from acts which are accomplished in full knowledge of the situation and which unequivocally manifest it." Aubry & Rau, Droit Civil Francais (6th edition by Paul Esmein, 1958), in Volume 5, Civil Law Translations, no. 57 at p. 455.
[4] This Court must assume for purposes of this appeal of a ruling on an exception that GE, Smith and LP & L are, as pleaded in Cochren's petition, solidary co-obligors. The test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and the ultimately sued defendants are solidarily liable. It is evident that the facts stated in the petition, if accepted as true, sufficiently allege a solidary relationship between the defendants. Vincent v. Tusch, 618 So.2d 385, 385-386 (La.1993), reh. den., 620 So.2d 829 (1993); Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973).