|/WALTZER, Judge.

STATEMENT OF THE CASE

Delisa Ann Rowe appeals from the trial court’s judgment of 30 June 1997 maintaining the declinatory exception of improper venue and peremptory exception of prescription filed on behalf of original defendant Certified Security Monitoring and additionally named defendants Lauren M. Davis, Ken Bou-dreaux, Hansen Koch, Michael Ditcharo and Al Brown. In written reasons, the trial court noted that at the time suit was commenced, venue was not proper in Orleans Parish. Because suit was filed in a court of improper venue and service was not made on any defendant until after the prescriptive period of one year, prescription was not interrupted. Finding no error in the judgment of the trial court, we affirm.

STATEMENT OF FACTS

On 1 April 1996, Rowe filed suit in Orleans Parish against Certified Security Monitoring, alleged to be a domestic corporation with a principal place of business in Jefferson Parish, Louisiana, seeking damages against Certified, her employer, for various acts of sexual harassment beginning on or about March, 1995. There is nothing in the record showing a request for service of process on the defendant, Certified.
On 5 February 1997, Rowe filed a First Supplemental and Amended Petition substituting “Certified Security Monitoring” for “Certified Security Systems, Inc.” throughout the petition. This petition was accompanied by a request for service Ron Certified Security Systems, Inc. through its agent for service located in Jefferson Parish.
On 22 April 1997, Certified filed an exception of improper venue, pursuant to La. C.C.P. art. 42 which provides that the proper venue for a domestic corporation in a tort or quasi-tort claim is the parish wherein its registered office is located, and pursuant to La. C.C.P. art. 74 providing venue in the parish where the wrongful conduct occurred (Jefferson Parish in this ease) or where the damages were sustained (again, Jefferson Parish.) In addition, Certified filed a peremptory exception of Prescription, noting that although suit was filed on 1 April 1996, service was not attempted on any party until 7 April 1997, outside the one year prescriptive period of La. C.C. art. 3462.
In response, on 2 May 1997, Rowe filed a second supplemental and amending petition adding Certified’s supervisory and managerial employees Davis, Boudreaux, Koch, Dit-charo and Brown. Service of process was sought on the individual defendants in Jefferson Parish, although Davis was “believed to be” a resident of Orleans Parish. The individual defendants joined in a supplemental declinatory exception of improper venue and peremptory exception of prescription.

DISCUSSION

There is no question that the original suit was filed in a court of improper venue. Likewise, there is no question that no defendant was served within the one year pres *1287 criptive period. It is not alleged that the identity of any of the added defendants was unknown to Rowe at the time she filed her original petition, and one of the added defendants, Brown, was identified in the original petition as Rowe’s harasser. Rowe offers no justification for her failure to sue the proper |.-¡defendants in the proper venue at the proper time, claiming only a good faith belief that Orleans Parish was the proper venue. Neither does she justify her failure to request service of process on the original defendant until well past the prescriptive period. See La.C.C. art. 3462.
Rowe relies on La.C.C.P. art. 934, which provides the procedural mechanism by which petitions may be amended to remove the grounds upon which a peremptory exception of prescription might have been sustained:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Rowe also relies on two Louisiana cases in support of her contention that somehow the belated addition of an Orleans Parish resident as a co-defendant “relates back” to the original petition filed in the improper venue so as to interrupt prescription. In Ray v. Alexandria Mall Through St. Paul Property & Liability Ins., 434 So.2d 1083 (La.1983), the Louisiana Supreme Court set forth the following criteria for determining whether an amendment which changes the identity of the party or parties sued is allowed to relate back to the date of the filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the | identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. 434 So.2d at 1086-87. (Emphasis added.)
Ray involved the substitution of a previously mis-named defendant, not the addition of individual defendants who were already well known to plaintiff when the original suit was filed. The instant case does not involve “substitute defendants” as required in the Supreme Court’s criteria and thus does not support Rowe’s argument.
Rowe submits by attachment to brief her attorney’s demand letter of 14 June 1995, a statement memorializing a 30 June 1995 meeting and Rowe’s letter of resignation dated 12 October 1995. These documents do not meet the “notice” criteria set forth in Ray. As this Court held in Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4 Cir.1985), this “notice” is limited to filing of a suit within the prescriptive period.
Civil C.Pro. Article 421 defines a civil action and provides that “[i]t is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.” We are of the opinion that when our Supreme Court stated that the substitute defendant “... must have received notice of the institution of the action ....” they meant notice of the filing of a suit within the prescription period. Any other interpretation would lead to the absurd result wherein demand letters sent to every conceivable defendant would allow a plaintiff to add any of those defendants after the prescriptive period had run (Provided, of course the other criteria would have been met.) This would defeat the purpose of prescription statutes which are designed to give a defendant security of *1288 mind if no claim is made timely. See, Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.R. 211. 480 So.2d at 430. (Emphasis added.)
IsNeither can these defendants be considered not to be wholly new or unrelated. The original lawsuit was directed only against the corporate defendant and did not give any individual added defendant knowledge that he or she was allegedly personally and individually hable to Rowe. The mere fact that they were employees of the defendant company did not give them notice that as substitute defendants their liability was at issue. Clearly, Rowe cannot bring herself within the ambit of protection offered by Ray.
Rowe also relies on Craig v. Housing Authority of New Orleans, 482 So.2d 148 (La.App. 4 Cir.1986). Craig argued that although the trial court correctly maintained defendant’s exception of prescription, he should be granted leave to amend his suit pursuant to La. C.C.P. art. 934. At issue in Craig, according to the concurring opinion, is plaintiff’s claim that his work-related injury developed over an extended period of time and, pursuant to La.R.S. 23:1209, his claim for payment was not barred by the normal one year prescription. Thus, Craig was granted leave to amend his petition to state when his compensation payments ended and when his injury developed. Rowe’s situation is not analogous, and the Craig exception does not apply to these facts. There is no dispute as to Rowe’s term of employment or as to the date of her alleged harassment.
Simply put, suit was filed in a court of improper venue; no service was requested or attempted prior to expiration of the prescriptive period.
In Louisiana, prescription has the effect of extinguishing a legal obligation, As this Court held in Cochren v. Louisiana Power & Light Co., 94-0002, pp. 4-5 (La.App. 4 Cir. 6/15/95), 639 So.2d 342, 344, writ denied, 94-1899 (La.10/28/94), 644 So.2d 654, quoting Justice Dennis in Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268:
1 (¡First, always, is the question whether the legislature has directly spoken to the precise question at issue. If the intent of the legislature is clear, that is the end of the matter; for the courts must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. (Citing La.C.C. art. 9 and jurisprudence)_
The Cochren court concluded:
Article 3462 establishes when and how prescription is interrupted and against whom. Clearly, the timely filing of suit in a court of competent jurisdiction and venue interrupts prescription as to the defendant sued as well as to his solidary obligors. Just as clearly, however, when suit is filed in a court of improper venue, prescription is not interrupted unless one of the defendants was served by process within the prescriptive period. 639 So.2d at 345. (Emphasis in original.)
Since there is no question concerning the relevant prescriptive period, as was the case in Craig, and since the added defendants are not substitute defendants as in Ray, and since there is no dispute that the petition was filed in a court of improper venue and no request for service of process was made on any defendant within the prescriptive period, we find no error in the trial court’s judgment.

CONCLUSION AND DECREE

The trial court’s judgment maintaining exceptions of improper venue and prescription is affirmed.

AFFIRMED.