# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2010

No. 09-30631
Summary Calendar

Lyle W. Cayce
Clerk

WALTER EDWARD JOHNSON, JR.,

Plaintiff-Appellant

v.

JOE LAMARTINIERE, Assistant Warden, Louisiana State Penitentiary; J BOLDEN, Master Sergeant, Louisiana State Penitentiary; K DAVIS, Master Sergeant, Louisiana State Penitentiary,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-176

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Walter Edward Johnson, Jr., Louisiana prisoner # 104558, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court found that Johnson's complaint was barred by the Louisiana one-year prescriptive period, or statute of limitations. Johnson argues that the district court erred in making this determination because his current complaint

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should relate back, pursuant to FED. R. CIV. P. 15(c), to the April 2008 filing of a different complaint that was dismissed in July 2008 for lack of subject matter jurisdiction. Johnson does not contest that the events giving rise to his complaint occurred on May 25, 2007, or that he filed the instant complaint on March 21, 2009, which is outside of the prescriptive period established by Louisiana law.

The appellees argue that plain error review is applicable because Johnson failed to file objections to the magistrate judge's report. Although Johnson did not file objections to the report, he filed an amended complaint wherein he argued that the instant complaint should be considered timely filed because it related back to the complaint filed in April 2008. The district court considered Johnson's amended complaint before dismissing it as frivolous. Thus, review is not limited to plain error. *See Morin v. Moore*, 309 F.3d 316, 320 (5th Cir. 2002). Rather, this court will review the district court's dismissal for abuse of discretion. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Louisiana Civil Code article 3492's one-year prescriptive period applies to Johnson's § 1983 action. *See Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989).

Under Louisiana law, the filing of a lawsuit "in a competent court and in the proper venue" interrupts prescription as long as the suit is pending. LA. CIV. CODE ANN. art. 3463. If prescription is interrupted, the time that has run is not counted and prescription starts over from the last day of interruption. LA. CIV. CODE ANN. art. 3466. However, if suit is filed in a court lacking jurisdiction or proper venue, prescription is not interrupted unless the defendant is served within the prescriptive period. *See* LA. CIV. CODE ANN. art. 3462; *Washington v. Breaux*, 782 F.2d 553, 554-55 (5th Cir. 1986); *Breavx v. Vicknair,* 507 So. 2d

1242, 1243 (La. 1987); *LaFargue v. St. Amant*, 433 So. 2d 1061, 1062-63 (La. App. 1983).

Johnson's 2008 complaint was dismissed for lack of subject matter jurisdiction, and the defendants were not served. Thus, prescription was not interrupted by the April 2008 filing of the prior complaint. *See* LA. CIV. CODE ANN. art. 3462; *Washington*, 782 F.2d at 554-55. Moreover, the 2008 judgment is not subject to attack in this case. *See Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987).

Johnson's argument that the instant complaint relates back to a complaint which was filed in April 2008 and dismissed in July 2008 is unavailing. FED. R. CIV. P. 15(c) allows for an amendment to a current pleading to relate back to the date of the filing of the original, pending pleading. It does not contemplate a subsequent complaint to relate back to a prior complaint that has been dismissed. *See* FED. R. CIV. P. 15(c). Johnson provides no legal support for his argument in this regard. The district court's judgment did not constitute an abuse of discretion. *See Norton*, 122 F.3d at 291.

Accordingly, the judgment of the district court is AFFIRMED. Johnson's motions for appointment of counsel are DENIED.